EDWARD V. WELCH, Doing Business under the Name and Style of MANUFACTURERS' COAL COMPANY and Another, Appellants, *v.* CITY OF NIAGARA FALLS and Others, Respondents.

Fourth Department, July 1, 1924.

Municipal corporations — zoning ordinances — city of Niagara Falls — action to restrain city from interfering with plaintiffs' business — pleadings — affidavits cannot be considered on motions under Rules of Civil Practice, rules 109 and 112 — ordinance prohibiting maintenance of coal yard in certain district amending general city ordinances — said ordinance not enacted in accordance with charter and is invalid — said ordinance not authorized by charter, § 56, giving power to adopt ordinances for safety and welfare of people — amendment to General City Law, § 83, relating to zoning ordinances, passed after § 332 of city charter, does not control — original zoning ordinance does not prohibit coal business at plaintiffs' location — amendment to original zoning ordinance passed before plaintiffs' business was established and prohibiting it was legally passed so far as pleadings show and is good defense.

On motions to dismiss counterclaims and strike out affirmative defenses made under rule 109 of the Rules of Civil Practice and for judgment on the pleadings under rule 112 thereof in an action to restrain the defendant from enforcing an ordinance prohibiting the plaintiffs from conducting a coal business at a certain location the court will not consider affidavits by either party but the motions must be determined solely upon the pleadings.

An ordinance of the city of Niagara Falls amending the general ordinances of the city by adding a new chapter thereto, which provides that a wholesale or retail coal business shall not hereafter be established or conducted in the portion of the city in which the plaintiffs' business is established, which ordinance was

not enacted in conformity with the provisions of section 332 of the charter of the city of Niagara Falls, as added by chapter 633 of the Laws of 1920, relating to zoning ordinances, is invalid.

Said ordinance cannot be sustained under power granted to city council by the charter (§ 56) to adopt resolutions and enact and repeal ordinances for the safety and welfare of the inhabitants and the protection and security of their property, for said business is legitimate and cannot be classed as a nuisance.

The amendment to the ordinances cannot be sustained under the amendment to section 83 of the General City Law which became effective two days after the amendment to the charter relating to zoning ordinances, since a general law does not amend or repeal provisions contained in a special or local law by implication. But section 83 of the General City Law, as amended, which provides that the common council may from time to time on its own motion after notice and hearing change the regulations and districts established under any zoning ordinance is effective to authorize action on the part of the said council in those cases to which it relates which are not covered by the city charter.

The original zoning ordinance which was enacted on January 5, 1920, being in restriction of the common-law right of the plaintiffs and of the general right to pursue a legitimate and innocent occupation, must receive a strict construction and as thus construed it does not prohibit the plaintiffs from maintaining a coal business within the so-called business district in the city of Niagara Falls.

However, the amendment to the original zoning ordinance which was enacted February 20, 1922, was legally passed so far as the pleadings show since no facts are alleged to show that it was not passed in conformity with the city charter, and, therefore, that amendment which prohibits the establishment of a coal business at the place where plaintiffs' coal business is located and which was enacted prior to the plaintiffs establishing their business is a good defense to the action.

APPEAL by the plaintiffs, Edward V. Welch and another, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Niagara on the 17th day of August, 1923, denying plaintiffs' motions under rule 109 of the Rules of Civil Practice for an order dismissing the counterclaims and striking out the affirmative defenses contained in the answers for insufficiency, and denying plaintiff Welch's motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice.

*Edward E. Franchot,* for the appellant Edward V. Welch.

*J. Edmund Kelly,* for the appellant New York Central Railroad Company.

*Thomas B. Lee,* for the respondents City of Niagara Falls and others.

*Augustus Thibaudeau,* for the respondent Outwaite.

SEARS, J.:

The plaintiff the New York Central Railroad Company is the lessor and the plaintiff Welch is the lessee of certain premises

in the city of Niagara Falls upon which the plaintiff Welch con-
ducts a wholesale and retail coal business.  Together they seek
in this action to restrain the defendants the city of Niagara Falls
and certain of its officers from preventing, restricting or inter-
fering with the conducting of such coal business.

The plaintiffs allege in their complaints the adoption on the
25th day of September, 1922, by the city council of the city of
Niagara Falls of a certain resolution as follows:

" *Be it Resolved*, that the ordinances of the City of Niagara
Falls be amended by adding thereto a new chapter to be known
as Chapter XXXVIII and to read as follows:

" Section 1.  A wholesale or retail coal business shall not here-
after be established or conducted in that portion of the City of
Niagara Falls, New York, bounded as follows: Commencing at
the intersection of the north line of Falls street with the east line
of Third street; thence northerly along the easterly line of Third
street to the south line of the Hydraulic Canal, so-called; thence
southeasterly along the south line of the Hydraulic Canal to the
northerly line of Erie avenue; thence west along the northerly
line of Erie avenue to a point where the same intersects the north
line of Falls street; thence westerly along the north line of Falls
street to the place of beginning.  Any person violating any of the
provisions of this ordinance shall be guilty of a misdemeanor and
shall be punishable upon conviction thereof by a fine not exceeding
fifty dollars or by imprisonment not exceeding six months, or
both."

This resolution the plaintiffs allege to be invalid because, as they
claim, it was not adopted in accordance with the requirements of
article 15 of the Niagara Falls Charter (Laws of 1916, chap. 530),
as added by chapter 633 of the Laws of 1920.  The provisions of
the amended charter as far as pertinent are as follows:

" § 332. Advisory board of zoning commissioners; powers and
duties.  Five members of an advisory board of zoning commis-
sioners appointed as hereinbefore provided in addition to the city
manager, who shall be ex-officio a member of said board, shall
constitute the advisory board of zoning commissioners.  It shall
be their duty to consider, study, investigate and pass upon all
matters appertaining to the division of the city of Niagara Falls
into districts for the purpose of regulating and restricting the
location of trades and industries and the location of buildings
designed for specified uses and the regulating and determining the
area of yards, courts and other open spaces and report its recom-
mendations to the city council.  All petitions to the city council
requesting an amendment or repeal of the regulations subscribed [pre-

scribed] for such district or part thereof shall be referred to the zoning commission for recommendation thereon. Whenever the resident owners of fifty per centum or more of the street frontage in any district or part thereof shall present to the city council a petition signed and acknowledged requesting an amendment, change or repeal of the regulations prescribed for such district or part thereof, it shall be referred to the zoning commission and it shall be the duty of said commission to make its recommendation to the council within thirty days after receipt by it of said petition and the council shall act upon such petition and recommendation within thirty days after receiving the report or recommendation of the zoning commission. A proposed amendment to an ordinance which is contrary to the recommendation of the zoning commission shall not be adopted except by a unanimous vote of the council. * * *."

The plaintiffs in their complaints set forth that the resolution mentioned was not adopted in accordance with the quoted statutory provisions for the reason that at the time it was adopted there had been received and were on file petitions requesting an amendment of the regulations then prescribed by general ordinance for the district but that the petitions had not been referred to the advisory board which had, however, been duly organized, and that no recommendation in regard to the matter had been made to the council by the advisory board.

The defendants city of Niagara Falls and its officers in their answers, besides traversing the allegations of the complaints, admit the organization of the advisory board, the receipt of the petitions mentioned and the adoption of the resolution without referring the petitions to the advisory board or receiving the recommendation from that board upon the matter. The answers also set up an affirmative defense and counterclaim based on the ordinance of September 25, 1922, alleged in the complaints, the original Zoning Ordinance of January 5, 1920, which the plaintiffs concede upon this appeal to have been lawfully enacted, and an amendment of the general Zoning Ordinance adopted by the city council on February 20, 1922.

The original Zoning Ordinance contained the following:

" Section 14. All land in business districts and all buildings erected thereon shall be used as stores or shops for the conduct of a wholesale or retail business, a place of amusement, an office or offices, police or fire department station house, post office, studio, conservatory, dancing academy, carpenter shop, cleaning and dyeing works, painting, paper hanging and decorating store, dressmaker, laundry, millinery store, photograph gallery, plumbing shop, roofing or plastering establishment, tailor, tin-smith, under-

taker, upholsterer, and other similar enterprises or institutions, and also for any use that may be permitted in the first, second, third, fourth residence and apartment districts; provided, however, that no building shall have more than fifty per cent of the floor area devoted to industry or storage purposes incidental to its primary use, and provided that not more than five employees shall be engaged in any trade or industry which shall be incidental or essential to the primary use. An electric sub-station, or car barn may be established in the business district after first obtaining the approval of the Zoning Commission and upon a permit being issued therefor by the City Council where such a structure will not be detrimental to or tend to change the character of the neighborhood. The City Council may issue a permit for the establishment of a public garage in a business district upon presentation of a petition approved by the Zoning Commission where such structure will not be detrimental to or tend to change the character of the neighborhood. Such permits shall specify the maximum size and capacity of the garage and shall provide for appropriate safeguards upon the construction and use thereof."

The amendment of February 20, 1922, is as follows:

" Section 14-A. A wholesale or retail coal business shall not hereafter be established or conducted except in an industrial or unrestricted district. This section shall not be construed so as to affect any such business now in existence."

The answers contain the further allegations that the three mentioned ordinances were duly approved and authenticated by the mayor and published according to law and are now and have been since their adoption valid and subsisting ordinances and regulations of the city of Niagara Falls. The answers demand not only the dismissal of the complaint but also affirmative injunctive relief.

An intervening defendant, Outwaite, has filed a separate answer containing similar allegations and admissions.

The plaintiff Welch has made two several motions, the first under rule 109 of the Rules of Civil Practice, to strike out the affirmative defenses in the answers as insufficient in law and to dismiss the counterclaims as failing to state facts sufficient to constitute a cause of action; and the second under rule 112 for judgment on the pleadings. The plaintiff New York Central Railroad Company joined in the motion under rule 109 and has appealed from the order denying all of said motions. On both motions affidavits were read in behalf of both plaintiffs, but, under the Rules of Civil Practice mentioned, the motions must be determined solely upon the pleadings and we cannot consider the matter contained in the affidavits.

The ordinance of September 25, 1922, is not in terms an amendment of the general Zoning Ordinance, but amends the ordinances of the city of Niagara Falls in general. The defendants contend that authority for its adoption is found in the clause of the charter of the city (§ 56) conferring on the city council power to adopt resolutions and enact, amend and repeal ordinances for the safety and welfare of its inhabitants and the protection and security of their property. We cannot assent to this argument. While a coal business may unquestionably give rise to noise and dust and be objectionable to neighbors, so do many other lawful uses of city property. It cannot be classed as a nuisance. The exclusion of this particular business from a considerable district of a city can only be justified as an exercise of the zoning power granted to cities by subdivision 25 of section 20 of the General City Law, added by chapter 247 of the Laws of 1913 and by chapter 483 of the Laws of 1917. (*Lincoln Trust Co.* v. *Williams Building Corp.*, 229 N. Y. 313; *City of Utica* v. *Hanna,* 202 App. Div. 610.)

The defendants also claim that the council possessed authority to enact this ordinance by reason of an amendment of the General City Law which became effective May 12, 1920, two days later than the date when the quoted amendatory section of the city charter in relation to the advisory board of zoning commissioners became law. This amendment of the General City Law (§ 83, as added by Laws of 1920, chap. 743) provides as follows: " The common council may from time to time on its own motion or on petition, after public notice and hearing, amend, supplement or change the regulations and districts established under any ordinance adopted pursuant to paragraphs twenty-four and twenty-five of section twenty of this chapter."

This amendment of the General City Law does not amend or repeal the quoted provisions of the charter directly or by implication. The principle is familiar that a general law does not repeal a special or local law by implication unless the intention to do so is clear. (*Grimmer* v. *Tenement House Department,* 204 N. Y. 370; *Buffalo Cemetery Assn.* v. *City of Buffalo,* 118 id. 61.) The general statute is, however, effective to authorize action on the part of the city council in those cases to which it relates which are not covered by the special local act.

Giving to the allegations of the complaints the broad interpretation to which pleadings are now entitled (*Coatsworth* v. *Lehigh Valley R. Co.,* 156 N. Y. 451; *Wenk* v. *City of New York,* 171 id. 607), we find that before the adoption of the resolution or ordinance of September 25, 1922, petitions in relation to the matter covered by that resolution had already been received and were on file. The

charter required that these petitions be referred to the advisory board. By limiting the power of the council to reject a recommendation of the advisory board, the charter provisions imply a prohibition upon the city council to act upon any matter which must be referred to the advisory board without first receiving such board's report. The conclusion follows, therefore, that the resolution or ordinance of September 25, 1922, was invalid for failure of the city in enacting it to comply with the controlling statutory law.

Defendants, however, rely on the two other ordinances. They interpret the original Zoning Ordinance of January 5, 1920, quoted above, as prohibiting a coal business within the so-called business districts. The various permitted uses enumerated, they urge, are largely, if not exclusively, such as are carried on indoors without annoyance to others. Where enterprises of a large or annoying character are contemplated, such as car barns, electric substations and garages, special approval or permit must be obtained. On the other hand, plaintiffs call attention to the words " for the conduct of a wholesale or retail business " and contend that these words include a coal business, and point to the inclusion among permitted uses of the business of tinsmiths and roofing or plastering establishments or enterprises and urge that a wholesale and retail coal business falls within the class of businesses of a similar character. The interpretation of this section is not free from doubt, but as it is in restriction of the common law and of a general right to pursue a legitimate and innocent occupation, it must receive a strict construction. (*Village of Stamford* v. *Fisher,* 140 N. Y. 187.) The adoption by the city council of the two later regulations or ordinances expressly prohibiting the carrying on of a coal business within a business district has weight as a practical construction by the city council contrary to the defendants' contention in this respect. We, therefore, reach the conclusion that the general Zoning Ordinance of January 5, 1920, did not prohibit the conducting of business carried on by the plaintiff Welch within the business district.

We now reach the defendants' last claim based on the quoted ordinance of February 20, 1922. There is nothing in the pleadings to show that petitions for an amendment of the Zoning Ordinance had been filed previous to the adoption of this amendment. The restrictive language of the charter was, therefore, not applicable and the power to adopt the resolution rests on section 83 of the General City Law added in 1920. So far as the pleadings are concerned, this amendment must be deemed valid and as the answers allege that the coal yard of the plaintiff Welch was erected and

constructed subsequent to the enactment of all the ordinances mentioned, the answers must be deemed sufficient in law both as a defense and counterclaim.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

All concur.

Order affirmed, with ten dollars costs and disbursements.