BERNE A. PYRKE, as Commissioner of Agriculture and Markets of the State of New York, Plaintiff, *v.* STANDARD ACCIDENT INSURANCE COMPANY, Defendant.*

Supreme Court, Albany County, August 26, 1931.

*Henry S. Manley*, for the plaintiff.

*Samuel Saltzman*, for the defendant.

MᴄNᴀᴍᴇᴇ, J. This is an action to recover on a bond given by defendant as surety for a produce commission merchant licensed by the plaintiff pursuant to article 20 of the Agriculture and Markets Law.

The first two motions, viz., for judgment on the pleadings as to each of three causes of action, and to strike out the answer as sham and frivolous, apparently are made under rule 112 and rule 104 respectively of the Rules of Civil Practice. In either case affidavits may not be used; the pleadings speak for themselves. (*Welch* v. *City of Niagara Falls*, 210 App. Div. 170, 174; *Merchants, etc.,* v. *Abramson*, 214 id. 252; *Emanuel* v. *Walter*, 138 id. 818, 819; *Reed* v. *New-Pro Construction Corp.*, 226 id. 70, 71; *Monica, etc.,* v.

*Bleecker*, 229 id. 184, 185.) The plaintiff has alleged various shipments of produce by consignors to the commission merchant, their reception, sale of the produce, payment to the commission merchant, the failure to make returns to the consignors, and the amounts due; and also that plaintiff duly determined the respective amounts due to the consignors. It is not reasonable to suppose that defendant had personal knowledge of any of these things; and there is no public record as to any of them, except as to the determination of the Commissioner of Agriculture and Markets. The defendant has denied on information and belief that the Commissioner's determination was duly made, and denies knowledge or information as to other allegations mentioned. No reason is suggested why the defendant may not question the computations and conclusions of the Commissioner, and put him to his proof thereon by a denial of accuracy, as it may deny knowledge or information as to transactions not of record with which it has had no connection. These denials raise issues, and are a sufficient basis for a denial of the motions for judgment on the pleadings, and to strike out the answer as sham.

As to the motion for summary judgment, even though the cause were properly verified by one acquainted with the facts to be proved on a trial (*Hallgarten* v. *Wolkenstein*, 204 App. Div. 487), and even though the action was brought to recover a debt or liquidated demand, within the meaning of rule 113 of the Rules of Civil Practice, questions not decided here, the fact that there is an issue to be tried, defeats the motion for summary judgment under that rule.

The defendant urges that it was the duty of the consignors to notify the Commissioner or the defendant of failures of the commission merchant when returns for produce were not made within the period prescribed by the statute, and thus help to prevent or diminish damages to the surety. The statute does provide for the making of a verified complaint by the consignor to the Commissioner, and for a hearing thereon (Agriculture and Markets Law, § 247, as amd. by Laws of 1928, chap. 454); but this provision is not mandatory. There is nothing in the papers from which it may be inferred that any contractual relation existed between the consignors and the defendant, and the statute casts no duty upon the consignor to make complaints to the Commissioner for the benefit of the defendant, or to take any other steps or proceedings to safeguard the bonding company against its principal. The consignor is not and could not be a party to this action (Agriculture and Markets Law, §§ 246, 247); he is not a party to the bond

in suit, and could not sue or be sued thereon. (Agriculture and Markets Law, §§ 246 and 247; *Spencer* v. *Huntington*, 100 App. Div. 463, 466; *Henricus* v. *Englert*, 137 N. Y. 488, 494.) If these views are sound, the first separate defense is insufficient in law, and should be stricken out.

As to the second separate defense the defendant alleges that the consignors Kermode and Fuchs were indebted to the commission merchant in substantial sums for goods sold and delivered, which the consignors did not credit to the commission merchant, and concealed from the plaintiff when determining the claims of the consignors. If defendant can prove these facts they will constitute a defense *pro tanto*. It may be true that defendant's answer would have been more scientific and in harmony with the rules of pleading had this part been denominated a partial defense. (Civ. Prac. Act, § 262.) But this defense was attacked on the ground that it was insufficient in law, and not because it violated a rule of pleading. This defense should be allowed to stand as against the motion here.

The third separate defense alleges a defect of parties in that the action is brought against the defendant alone, and the commission merchant was not joined as a party defendant. The Commissioner insists he may sue one or both as best serves his " convenience," and the reason assigned in the moving affidavits and in plaintiff's brief for suing the surety alone is that the commission merchant has become a bankrupt. There is no warrant for this action except that found in article 20 of the Agriculture and Markets Law; and the action is given to plaintiff in section 246, where it is provided that " the commissioner may bring an action * * * against the principal and sureties for the recovery of any such moneys." Whatever reasons might be assigned for a construction of this statute that would enable the plaintiff to pursue the commission merchant alone, on the ground that he is the primary debtor, no reason has been advanced to justify a construction that would permit an action against the surety alone. The statute gives an action against the principal *and* sureties, thus making the assets of the commission merchant as well as those of the surety subject to the claim of the Commissioner. The surety may be much interested in having joined as a defendant one who is jointly and primarily liable; and the Commissioner is not given by the statute a discretion as to the parties defendant, for the statute determines the practice in that particular. The corporation commission merchant is still existent, and its affairs have not been wound up. It is still represented by a trustee in bankruptcy within the reach of process, even though permission to bring action against him were

necessary; and it does not appear that such permission is necessary or has been denied. This alleged defense may not be stricken out on this motion.

The briefs of both parties referred to a motion to change the place of trial from the county of Albany to the county of New York; but no papers on such a motion were presented.

An order may be submitted striking out the first separate defense, and denying the motion as to the other relief sought, without costs.