DUNKIRK AERIE, No. 2447, FRATERNAL ORDER OF EAGLES, et al., Appellants, *v.* CITY OF DUNKIRK, Respondent.

Fourth Department, March 2, 1949.

*Kenefick, Cooke, Mitchell, Bass & Letchworth* for appellants.
*Thomas P. Nowicki* for respondent.

McCURN, J. The plaintiff, Dunkirk Aerie, No. 2447, Fraternal Order of Eagles, 225 Central Avenue, Dunkirk, New York, has entered into a contract to purchase the premises at 749 Central Avenue, Dunkirk, New York, consisting of a two-story frame house with garage attached from the plaintiff Robinson. Dunkirk Aerie is a subordinate aerie of the Fraternal Order of Eagles within the purview of sections 2 and 3-a of the Benevolent Orders Law. It contemplates the use of the premises which it has contracted to purchase for the " mutual entertainment, recreation and association " of its members to carry out the benevolent purposes mentioned in its charter. The contract for the purchase and sale of the premises in question was made. contingent among other things upon condition that it is not precluded by the Zoning Ordinances of the City of Dunkirk from using the property for such purposes. The premises in question are located in a district zoned as " residential " by the

Zoning Ordinances of the City of Dunkirk. The City of Dunkirk contends that the contemplated use of the premises by the Fraternal Order of Eagles will constitute a use not permitted, but prohibited in a residential district or zone as defined by the Dunkirk Zoning Ordinance. The Fraternal Order of Eagles and Robinson, the owner of the property, have united therefore as plaintiffs to bring this action in which they seek a judgment declaring in substance that the Dunkirk City Ordinance does not prohibit the contemplated use of the property by the Fraternal Order of Eagles. The city's answer does not deny any facts set forth in the plaintiff's complaint. It sets forth the city's contention as to the construction of the ordinance as follows: " 8. That the use of the premises at No. 749 Central Avenue in the City of Dunkirk, New York by the plaintiff, Dunkirk Aerie, No. 2447 Fraternal Order of Eagles, *as a club house* will constitute a use prohibited by and not permitted by the Dunkirk Zoning Ordinance." (Emphasis supplied.) Plaintiffs moved for summary judgment upon the pleadings and this appeal is from the order denying that motion.

There is no issue of fact raised in the pleadings. Counsel on both sides have made it clear upon this appeal that what they seek is a declaration as to whether or not the proposed use of plaintiffs' property as a " clubhouse " is prohibited by the ordinance. Although it may not be entirely clear from the complaint that the contemplated use of the property is that of a " clubhouse " as defined in the ordinance, nevertheless the plaintiffs have so treated it in their brief — the defendant has so treated it in its answer and both parties have so advised us upon the argument of this appeal. The question then is whether or not the proposed use of the property as a " clubhouse " is precluded by the ordinance. We think that the plaintiffs present a proper case for a declaration of the rights and legal relations of the parties, and if the necessary facts are all present and undisputed such a declaration may be made upon plaintiffs' motion (*Rockland Light & Power Co.* v. *City of New York,* 289 N. Y. 45, 51).

The ordinance defines a clubhouse in the following language: " *Club House.* For the purpose of this ordinance, any building used or intended to be used by an organization or society for residence mutual entertainment or recreation: May or may not include facilities for cooking, eating, or sleeping. Definitions includes fraternity houses, sorority houses and houses of secret societies and social clubs generally."

The ordinance provides further:

"Article IV — Residential Districts

" § 1. *Use.* The Residential districts are intended primarily for occupancy by detached 1-family dwellings, and their legitimate accessory buildings.

" Also permissible in this zone shall be churches, hospitals, libraries, schools, colleges, municipal property except of industrial character, neighborhood playgrounds and agricultural uses of individuals, not for profit.

" § 2. *Prohibited-Uses.* No business or industry shall be permitted in a Residential District."

It provides further:

"Article V — Business Districts

" § 1. *Use.* Business Districts are intended for the following uses:

" Retail business

" Light Manufacturing or Industry

" Business and Professional Offices

" Places of *Public* Assembly, Entertainment, Eating, or Shelter when conducted for *profit* Establishments devoted Repair work & services, not generally classified as ' Industrial ' ". (Emphasis supplied.)

It is evident that the common council had in mind the existence of clubhouses in the city of Dunkirk when they defined a clubhouse in the ordinance. Nowhere in the ordinance, however, is it specifically stated that a clubhouse is either a permitted or a prohibited use in any of the use zones or districts set forth in the ordinance. The uses prohibited by the ordinance in residential districts are confined to business and industry. Obviously a clubhouse as defined in the ordinance is not an industry nor is it in our opinion a business use as defined in section 1 of article V of the ordinance. Since no provision of the ordinance specifically restricts plaintiffs' common-law right to the use of the property as a clubhouse we should not resort to a strained construction in order to reach that result. The ordinance should be strictly construed (*Village of Stamford* v. *Fisher,* 140 N. Y. 187; *Welch* v. *City of Niagara Falls,* 210 App. Div. 170, 176).

The Special Term in denying plaintiffs' motion for judgment on the pleadings stated in a memorandum: " It cannot be said as a matter of law on the face of the pleadings that the operation of the clubhouse by the fraternal society, including the furnishing *of food* and drink for compensation, would not constitute a business use within the meaning of the Dunkirk ordi-

nance.'' Section 1 of article V of the ordinance already quoted provides that business districts are intended for places of *public* assembly, entertainment, eating, or shelter when conducted for *profit*. We think that if the plaintiff Fraternal Order of Eagles should furnish food or drink to its members in its proposed clubhouse that it would not constitute a use of the premises for *public* eating or drinking conducted for *profit* within the purview of the ordinance. The plaintiffs allege that the premises are to be used by its members. That cannot be construed to include the public. It must be remembered that the plaintiff Fraternal Order of Eagles is a benevolent organization and if any profit should be realized upon the incidental sale of food and drink to its members, that would not necessarily constitute a use for profit within the terms of the ordinance. We think that the word '' profit '' as used in the ordinance relates to commercial or business enterprises and not to transactions whereby a benevolent association furnishes food and drink for the convenience of its members. We note in that connection that a club license for the sale of alcoholic beverages is permitted to be issued only to an occupant of a building used exclusively for club purposes and which does not traffic in alcoholic beverages for profit and is operated solely for recreational, social, patriotic, political, benevolent or athletic purposes but not for pecuniary gain (Alcoholic Beverage Control Law, § 3, subd. 9).

The defendant alleges and attaches to its answer a copy of section 4 of article IX of the ordinance which provides that no temporary assemblage of 100 persons or more may be held in buildings of residential districts other than in buildings intended for such use, such as schools and churches. We are not informed by the pleadings as to the number of persons who will attend any temporary assemblage hereafter to be held in the clubhouse. Neither is there any prayer for a declaration as to the validity or construction of this section of the ordinance. There is no basis for such a construction upon the motion under review but that does not preclude a declaration as asked for in the complaint.

We think that the order appealed from should be reversed and that plaintiffs are entitled to a judgment declaring that the proposed use of the premises at 749 Central Avenue as a clubhouse for the Dunkirk Aerie of the Fraternal Order of Eagles in accordance with the definition of a clubhouse as set forth in article I of the Zoning Ordinance is a use not prohibited by the Zoning Ordinance.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and PIPER, JJ.

Order reversed on the law, with costs and plaintiffs' motion for judgment on the pleadings granted in accordance with the opinion.