In the Matter of EUGENE D. TAROLLI et al., Respondents, v. ARTHUR W. HOWE et al., Constituting the Zoning Board of Appeals of the Town of Geddes, Appellants.— Judgment unanimously reversed, without costs, and petition dismissed. Memorandum: Special Term held that respondents' proposal to conduct an 80-bed domiciliary care facility for profit was a permitted use in a Residential " A " District under subdivision (b) of section 7 of the town's zoning ordinance. That section of the ordinance permitted: " Public or private schools, churches, parish houses and other places of worship, public libraries, municipal buildings, parks, playgrounds, hospitals, nursing homes, community centers or recreational grounds operated either by the public or by membership organizations for the benefit of their members

and not for gain, and any other philanthropic or eleemosynary use except a camp, orphanage, hospital, sanitarium, correctional institution, or institution for the insane, provided, however, that such use provided in this paragraph (b) shall be permitted only upon the approval of the Board of Appeals." The proposed use may have come within the broad category of nursing homes as Special Term and the County Planning Board found, but as a private enterprise operated for profit, it was prohibited in this residential zone. Such a distinction between profit and nonprofit making ownership is legally permissible in defining permitted uses in zoning districts (cf. *McCarter* v. *Beckwith*, 247 App. Div. 289, 292, affd. 272 N. Y. 488, cert. den. 299 U. S. 601; *Dunkirk Aerie, No. 2447, Fraternal Order of Eagles* v. *City of Dunkirk*, 274 App. Div. 685, 689; and see 1 Anderson, New York Zoning Law and Practice [2d ed.], § 9.36). We construe the section so that all the enumerated uses preceding the words "either by the public or by membership organizations for the benefit of the members and not for gain, and any other philanthropic or eleemosynary use" are limited by them. The obvious intent of the section was to restrict development of private profit-making enterprises in a residential district, and the appellant Board of Appeals properly denied the application for a special permit. (Appeal from judgment of Onondaga Special Term in article 78 proceeding.) Present — Marsh, P. J., Moule, Simons, Goldman and Del Vecchio, JJ.