■ In the Matter of SHINNECOCK HILLS GOLF CLUB, INC., et al., Appellants, v ROBERT V. NARDY et al., Constituting the Zoning Board of Appeals of the Town of Southampton, Respondents, and JOSEPH F. GAZZA et al., Intervenors-Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Southampton which granted the application of intervenors Joseph F. Gazza and Irene Gazza for a use variance permitting them to establish a Montessori private preprimary and elementary school for profit on certain real property, the appeal is from a judgment of the Supreme Court, Suffolk County (Corso, J.), dated December 21, 1982, which confirmed the determination and dismissed the petition. Judgment reversed, on the law, without costs or disbursements, petition granted, determination annulled, and application of intervenors denied. Intervenors are the owners of a 3.6-acre tract located in Shinnecock Hills, Town of Southhampton. The property is in the R-60 residential zone. The uses permitted as of right in such zone under the town's zoning

ordinance include a: "[s]chool, elementary or high, public, denominational or private, nonprofit, accredited by the New York State Education Department". The ordinance also provides that "ALL UNLISTED USES ARE PROHIBITED IN ALL DISTRICTS". Upon intervenors' inquiry, G. Harold Williams, the town's building inspector, informed them that their proposed use was not permitted under the ordinance, since it was, *inter alia,* to be operated for profit. Intervenors then applied to the respondent zoning board of appeals for a use variance. The relevant sections of the zoning ordinance provide: "§ 69-27. Appeals on interpretation of Zoning Ordinance and Map. The Board of Appeals shall, upon appeal, hear and decide: A. Any matter where the applicant alleges that the Building Inspector was in error in refusing to issue a building permit or certificate of occupancy as a result of misinterpreting the meaning, intent or application of any section or part of this ordinance * * * § 69-28. Variances generally. A. The Board of Appeals shall have the power by way of original jurisdiction and in passing on appeals where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of this ordinance to vary or modify the application of the regulations or provisions of this ordinance". The board held that the ordinance was ambiguous and unclear on the issue of whether a for-profit private school was a permitted use, and further, that: "Although the Board will not conclude that the applicant may establish the school as a .matter of right, the Board does conclude that the applicant suffers unnecessary hardship in carrying out the strict interpretation of the ordinance as regards the profit versus non-profit question in establishing a school. The ambiguity of the ordinance conspires to add a degree of practical difficulty for the applicant. He finds himself in a unique situation whereby he may establish a non-profit Montessori School on this parcel as a matter of right, but he cannot establish the same school for profit". The board therefore granted the application, subject to certain conditions. Petitioners, who are adjacent landowners, brought this proceeding to challenge the board's determination. Special Term confirmed the determination and dismissed the petition, holding that "[the board's] interpretation of the zoning code was reasonable, observed the spirit of the ordinance, secured public safety and welfare and achieved substantial justice". This appeal ensued. We reverse. Subdivision A of section 69-20 of the town's zoning ordinance gives the board of appeals the power to *interpret* "the meaning, intent or application of any section or part of this ordinance". Subdivision A of section 69-28 of the ordinance provides that "where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of this ordinance [the zoning board of appeals is granted the power to] *vary* or *modify* the application of the regulations or provisions of this ordinance" (emphasis supplied). Insofar as respondents' decision purported to *interpret* the provisions of the ordinance, it was without any rational basis. Section 69-6E (subd B, par 7) of the ordinance permits a "[s]chool, elementary or high, public, denominational or private, *nonprofit,* accredited by the New York State Education Department" (emphasis added). As we read it, the ordinance permits a school, which must be (a) elementary or high, (b) public, denominational or private, (c) *nonprofit,* and (d) State-accredited. It is not susceptible of any other reasonable interpretation. Further, the ordinance provides that "ALL UNLISTED USES ARE PROHIBITED IN ALL DISTRICTS". If a school must be *nonprofit* to be permitted, then it follows that any other type of school — i.e., a school operated *for profit* — is prohibited. Intervenors' proposed use is therefore not permitted under the ordinance. Insofar as the board's determination purports to grant a use variance in intervenors' case, it is unsupported by substantial evidence in the record. Intervenors failed to adduce concrete proof, in dollars-and-cents form, which would have demonstrated that, *inter alia,* they could not realize a reasonable

return on their investment in the property under existing permissible uses in the R-60 district (see *Matter of Village Bd. v Jarrold,* 53 NY2d 254). The question of whether the ordinance, as applied, unconstitutionally discriminates against private schools operated for profit (see *Matter of Summit School v Neugent,* 82 AD2d 463, 471, citing *Incorporated Vil. of Brookville v Paulgene Realty Corp.,* 24 Misc 2d 790, 794 [Gulotta, J.], affd 14 AD2d 575, affd 11 NY2d 672; but cf. *Town of Huntington v Park Shore Country Day Camp,* 47 NY2d 61, and *Matter of Tarolli v Howe,* 44 AD2d 896, affd 37 NY2d 865), may not properly be considered in a CPLR article 78 proceeding and in the absence of the Town Board of the Town of Southampton, a necessary party to such a determination (see *Matter of Kovarsky v Housing & Dev. Admin.,* 31 NY2d 184; *Matter of Overhill Bldg. Co. v Delany,* 28 NY2d 449). Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.