**STATE, EX DEL MONTE, Relator v. WOODMANSEE, ET AL., Respondents.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20353.   Decided December 9, 1946.

Willard Barry, for Relator.
Paul H. Torbet, Cleveland, for Respondents.

**OPINION**

By SKEEL, P. J.

This is an action in mandamus filed in this court whereby the relator seeks a writ ordering the Building Commissioner of the City of Euclid to issue a building permit for the construction of a store building, at the northeast corner of East 185th Street and Naumann Avenue, in the said city.

The relator alleges in his petition that the City of Euclid adopted a zoning ordinance which was in full force and effect on November 15, 1945, by the provisions of which ordinance the lot upon which the relator proposed to build such store room was zoned for "Class U4 Use" which use is defined in part to include:

"3. Retail store or shop for custom work or the making of articles to be sold only at retail on the premises."

That on November 15, 1945, the relator made application for a building permit to build a store to be used in the conduct of his retail dairy and poultry business and accompanied said application with all of the information and plans as required by the building department of said city. That the Building Commissioner of the City of Euclid arbitrarily and without cause refused to issue a permit. That the relator thereupon appealed the decision of the Building Commissioner to the Board of Zoning Appeals as provided by the zoning ordinance.

The amended petition alleges that the Board of Zoning Appeals has not ruled on the decision of the Building Commissioner refusing relator's request for a permit and that the City of Euclid still refuses to issue to the relator such permit to which he is legally entitled. The relator then prays that the court order the City of Euclid through its legally constituted officers to grant his application for and to issue to him, a building permit upon payment of the proper fee for the construction of such store room to be used for the conduct of his retail dairy and poultry business.

The answer of the respondents admits all of the allegations of the relator's petition, except that it is denied that the Board of Zoning Appeals had ruled on relator's appeal and alleges that this action was brought while said appeal was pending. The answer further alleges that said zoning ordinance was amended by action of the council prohibiting in zones dedicated to Class U4 Use, businesses wherein the sale of live poultry or poultry killing is the main or principal business.

The case was tried upon stipulations of fact and each party in addition to such stipulation proffered additional testimony to which the other party objected on the ground of its immateriality, irrelevancy and incompetency. Ruling upon the admission of the evidence proffered by the relator, the respondents' objection thereto is sustained, except as to that which is on page 3 of the proffer and Exhibit A thereto attached. As to the proffered evidence of the respondents, the objection of relator is sustained thereto except as to the last two paragraphs on page 4 of the respondents' proffer.

The facts agreed upon by the stipulation and as established by the evidence, admitted in addition thereto, are in brief as follows: That the City of Euclid is a municipal corporation organized under the laws of the State of Ohio; that on November 15, 1945, there was in effect in said city a zoning ordinance which, among other provisions, created what is known as "U4 Use" district which district included the northeast corner of E. 185th and Naumann Avenue in said city; that "Class U4" use (local retail or wholesale district) included within its definition the following:

"3. Retail store or shop for custom work or the making of articles to be sold only at retail on the premises."

That effective Oct. 18, 1943, the zoning ordinance was amended prohibiting certain businesses from being carried on anywhere within the city. Among such businesses prohibited was Class U7 Uses (prohibited) * * * * "8. Stockyards, slaughtering of animals."

That the relator, a returned World War II veteran, who was the owner of the lot at the northeast corner of East 185th St. and Naumann Avenue in the City of Euclid, made application on the 15th day of November, 1945, for a building permit to construct a storeroom in which to conduct a retail poultry and dairy products business, including the selling of poultry by live weight and killing and dressing poultry on the premises at the request of customers.

That the Building Commissioner who was the proper person to whom to apply for such building permit refused to issue such permit to the relator. His application for such permit was rejected on November 15, 1945, whereupon relator immediately appealed such rejection to the Euclid Board of Zoning Appeals as provided for in said zoning ordinance. That no hearing has been had on said appeal and the relator's rights to have a building permit issued upon his application has not,

to this date, been determined by the Board of Zoning Appeals.

That on December 3, 1945, the council of the City of Euclid by ordinance amended the zoning ordinance which amendment, among other things, prohibited "live poultry sales" and "poultry killing wherein the main or principal business is the killing of poultry." Such ordinance was passed as an emergency but was not published or advertised prior to the date of its passage as required by §4366-11 GC.

The section of the City of Euclid where relator's lot is located, as above stated, is in a district zoned for retail stores and there are now located in the immediate vicinity of said lot the following retail businesses: Department store, shoe store, automobile sales room, appliance and furniture stores, retail food stores, women's wearing apparel store, drug stores, bakeries etc.; the stipulated facts disclose also that the district Board of Health wrote the following letter to the respondent's commissioner:

"                                          Nov. 16, 1945.
Dear Sir:
Mr. John DelMonte, 19234 St. Clair Avenue, Cleveland, Ohio, has submitted plans and specifications for a building which he intends to construct at the corner of Naumann Avenue and E. 185th Street for use as a poultry killing establishment for retail trade only. If this building is constructed in accordance with the plans and specifications submitted; this department will issue a permit to Mr. DelMonte to engage in the above mentioned business. Mr. DelMonte has been given to understand that the business must be conducted in a manner free from nuisance."

The relator's evidence which the court has admitted over the objection of the respondents, is to the effect that there were on November 15, 1945, two other markets being operated in the city conducting a retail poultry business of the same kind that the relator proposes to operate.

The contention of respondents in refusing a permit to the relator and in seeking to defeat relator's prayer for a writ compelling the respondents to issue such permit are:

1. That the relator has not pursued to completion the procedural steps provided for under the zoning ordinance.

2. That the right to carry on the retail poultry business as contemplated by the relator, including the sale of live poultry and killing poultry on the premises, is barred under the prohibited uses section of the zoning ordinance of the city (Class U7 Use) i. e. "8. (Stockyards, slaughtering of animals)."

3. That the provisions of the zoning ordinance as amended, effective Dec. 3, 1945, the carrying on of the business of selling live poultry and poultry killing "where the main or principal business is the killing of poultry" is expressly prohibited.

4. That by the zoning ordinance as amended effective Dec. 3, 1945, permission may be granted to carry on a business in certain use districts at variance with the zoning requirements by making application for such permission to the Board of Zoning Appeals and after giving public notice of the time and place of the hearing on such application, and upon hearing, such permission be granted by the board, then to secure a confirmation of such consent by resolution of the city council, and that the relator has not attempted to comply with this procedural step before bringing this action.

The respondents claim that the relator's action is prematurely brought because his appeal to the Board of Zoning Appeals is still pending, cannot be supported. The unusually long delay in disposing of this appeal by the board deprives the respondents of the right to assert such a defense. The appeal was filed on Nov. 15, 1945. The petition in this case was filed on March 21, 1946. More than four months has therefore passed without a hearing in a matter which could and should have been disposed of with dispatch. Such a protracted delay must be construed as a denial of the relator's claims on appeal. To hold otherwise would permit a public agency to deny a citizen his rights under an ordinance without due process.

The respondents' contention that the prohibited uses under "U7" of the zoning ordinance as amended Oct. 18, 1943, which in part prohibits "(8) stockyards, slaughtering of animals" prohibits the killing of chickens as carried on in the retail poultry business, is not well taken. The phrase, "stockyards, slaughtering of animals" has a very well recognized and understood meaning. This is particularly true where the words "slaughtering of animals" is used in the same phrase with the word "stockyards." The term "animals" as thus used must be understood to mean, as is disclosed in Anderson's Law Dictionary, as follows: "in common sense, a quadruped, not a bird or fowl."

The ordinance of the City of Euclid which the respondents claim became effective December 3, 1945, which ordinance amended the zoning law of the City of Euclid, thereby prohibiting certain uses, including the selling of live poultry and * * * poultry killing, where the main or principal business is the killing of poultry," cannot affect the relator's rights

with respect to his application for a permit filed November 15, 1945.

The Supreme Court of Ohio, in the case of **State ex rel The Ice & Fuel Company v Kreuzweiser, etc., 120 Oh St 352** determined this question adversely to the contention of the respondents. In that case the relator made application to the respondent for a permit to erect an ice plant. The plans were not yet complete but the relator presented "inspector plans and specifications of similar buildings * * * ." After some explanation of the proposed building, the inspector issued a permit and complete plans and specifications were furnished within a few days. The permit was issued on August 28, 1928. The relator purchased the property on Sept. 11, 1929 for the proposed building. On Sept. 28, relator constructed a switch track on the property and on Oct. 29, he received a letter from the respondent revoking the building permit. On Oct. 1, 1928, there was introduced in the city council of Youngstown "a zoning ordinance of an emergency character" in form which was referred to as a "stop gap" measure; its purpose being to retain in "status quo" the building conditions in the city. Its passage was requested by the planning commission of the city as a temporary zoning ordinance, pending the preparation of a plan for the complete zoning of the city.

The relator on Oct. 10, 1928, presented the plans and specifications of his proposed building and demanded the reissuance of his permit which request was refused and the reason for such refusal was stated as follows:

"That the Planning Commission has proposed a zoning plan with which plan this building may conflict because of its character, but not because of the violation of the state or city building codes."

On October 20th the city council was called into special session and passed the said ordinance as an emergency measure under the suspension of rules. The court in compelling the city to issue the requested permit said, in part, on pages 355-56 of the opinion:

"In the present case, under the law in force at the time the application was made, the relator was concededly entitled to a permit, and under the law then in force and effect it was the duty of the inspector of buildings to issue the same * * * * ."

"Such right of a property owner is not subject to the mere whim or caprice of the official whose duty it is to issue a

building permit, if the applicant has fully complied with the law. No presumption is indulged in favor of the restriction or limitation of an owner in the use of his premises. Statutes or ordinances which restrain the exercise of such right, or impose restrictions upon the use of private property, will always be strictly construed, and the scope of such statutes or ordinances, cannot be extended to include limitations not therein clearly prescribed. **State ex rel Moore Oil Co. v Dauben, 99 Oh St 406, 124 N. E. 232.** Certainly no effect can be given to the restrictive provisions of an ordinance which it is contemplated by the building inspector may be enacted at some time in the future."

To like effect is the case of **State ex rel The Fairmount Center Co. v Arnold, Director of Service etc., 138 Oh St 259,** where the supreme court held (syllabus 1 and 2):

"1. A municipal council may not, by the enactment of an emergency ordinance, give retroactive effect to a pending zoning ordinance, thus depriving a property owner of his right to a building permit in accordance with a zoning ordinance in effect at the time of the application for such permit.

"2. A municipal council acting under §§4366-7 to 4366-11 GC, may not amend or change the number, shape, area or regulations of, or within, any zoning district without following the procedure provided in §4366-11 GC."

The zoning ordinance as amended December 3, 1945, cannot affect the relator's right to a permit for a building the proposed use of which would in no way violate the zoning ordinance of the city as of the day the request was made.

The amendment to the zoning ordinance passed Dec. 3, 1945, is also of no force and effect for the reason that it was not passed as required by law. The stipulations of fact clearly state that the proposed amendment was not published or advertised prior to its enactment.

**Sec. 4366-11 GC** in part provides:

"* * * Publication of notice and public hearing before passing ordinance. Before any ordinance, measure or regulation authorized by this and the three foregoing sections may be passed, the council or other legislative body shall hold a public hearing thereon, and shall give thirty days' notice of the time and place thereof in a newspaper of general circulation in the municipality. * * * ."

For the foregoing reasons, the court finds for the relator. Order See Journal. Respondent excepts.

HURD and MORGAN, JJ, concur.