**STATE, ex rel. LIEUX, Plaintiff, v. VILLAGE OF WESTLAKE et, Defendants.**

Common Pleas Court, Cuyahoga County.

No. 652801. Decided February 3, 1954.

W. C. Bracken, Westlake, for plaintiff.
King Wilmot, Cleveland, for defendant.

## OPINION

By FULTON, J.

Petitioner seeks a writ of mandamus to compel the appropriate official of the Village of Westlake to issue a building permit to construct either a new or addition to a greenhouse—to the rear of her present greenhouse.

Like Gaul, the historical background is divided into three parts, namely: that of the village, that of the plaintiff and that of the Village Zoning Legislation and litigation.

The village has developed from a purely farming and rural community to a municipality which combines farming, gardening, unimproved acreage, greenhousing and a suburban dwelling place. Many of the new residence dwellings are upon acreage used for agriculture in some degree.

When plaintiff in 1939 came to this community and bought land her family was an industrial worker's unit. Plaintiff's husband then was identified with industry. On plaintiff's arrival, and for some time afterwards, her husband continued in industry and devoted his extra hours, week ends and holidays to the agricultural development of plaintiff's land. In February, 1940, a residence was started and completed in August of that year; and in 1946 the operation became full time for plaintiff's husband. As time went on a greenhouse was erected on the property to supplement as well as implement gardening production. This greenhouse was an existing nonconforming use when the zoning legislation first was enacted.

The village became a devotee to zoning. This devotion resulted in the enactment of a zoning law in 1940 and thereafter the enactment of a series of amendments. The amendments through 1951, if valid, are applicable to this case.

Another result of this zoning devotion was voluntary indulgence in and enforced submission to litigation. Illustrative of this litigation are these cases: **Westlake v. Elrich (1948) 52 Abs 538**, 83 N. E. 2nd, 646; Westlake v. Englund (Feb. 1953) No. 627011 Cuyahoga County Common Pleas; Westlake v

Peplin (Feb. 1953) 627012 Cuyahoga County Common Pleas; **Lieux v. Westlake (Jan. 1951) 154 Oh St 412**; initiated in the Court of Appeals of Cuyahoga County as case No. 21748 and there decided May 19, 1950; Bracken v. Westlake (1953) No. 653265 Cuyahoga County Common Pleas, and the instant case.

The original ordinance No. 1973 enacted in 1940 was considered invalid in the Elrich case, as applied to the facts in that case, because of the inability of ascertainment of the location and separation of the sections of the residential districts and the sections of the business districts. Neither the language of the ordinance nor the maps aided this difficulty.

In that case Elrich was arrested for violation of the Westlake Zoning Law because he operated his publishing business in a residential district and in a building he was authorized to construct in that district under a permit for warehouse purposes.

This plaintiff was granted a writ of mandamus to construct a new unit to the greenhouse facilities after amendment Ordinance 3310 was passed (1945) in an action commenced thereafter (1950). This writ was granted by the Court of Appeals of Cuyahoga County in case No. 21748. This amendment had not changed the districting which had been condemned in the Elrich Case. It changed some definitions. It prescribed for both private and commercial greenhouses, and it provided for the issuance of a special permit by the Zoning Board of Appeals for the construction of greenhouses in residential areas.

The Supreme Court, **154 Oh St 412, supra,** reversed the Court of Appeals because Mrs. Lieux did not exhaust her administrative remedies by application to the Zoning Board of Appeals for such special permit—although the opinion frankly discussed the same legislative deficiencies upon which the decision in the Elrich case was predicated. Mrs. Lieux could not, said the Supreme Court, raise the question of the validity of the zoning ordinance unless and until she had first sought the decision of the Zoning Board of Appeals. The basis of that decision by the Supreme Court made it unnecessary for the Supreme Court to determine whether amendment 3310 was valid or invalid for want of those statutory procedural prerequisites set forth in §4366-11 GC (§§713.10, 713.11, 713.12, 713.14 R. C.).

Meanwhile, and before commencing this action, Mrs. Lieux applied directly to the Zoning Board of Appeals for a special permit and appealed also to the Zoning Board of Appeals from the denial of a permit by the Building Commissioner. Moreover, when this case was commenced the original zoning ordinance had been amended several times. Those amend-

ments in addition to 3310 above discussed are 1950-15, 1950-18 and 1950-126.

Ordinance 1950-15 changed slightly the language of but not the substance of 3310 with respect to special greenhouse permits. It did remove "B" residential districts. So that the difficulty between the residential districts recognized in the Elrich and Lieux cases was removed.

Ordinance 1950-18 made only one change, namely: increasing the membership of the Zoning Board of Appeals from three to five.

Ordinance 1950-126 removed the difficulty between the two business districts as discussed in the Elrich and Lieux cases by merging them into one business district.

Plaintiff's claims are that all of these amendments are invalid for want of proper procedural steps and therefore the case is, as if, only the original ordinance 1973 is applicable.

This claim with respect to 1950-18 (Zoning Board Membership) is, in the court's opinion, without substance. The Zoning Board of whatever membership denied plaintiff's application and her appeal.

**Sec. 4366-11 GC (§713.10 et seq, R. C.)** prescribes the procedural steps for the adoption of and amendment to zoning laws. It provides for districting of land by zones, building classification, the mandatory consideration of changes by a planning commission, the approval and report of such changes by the planning commission to the council, public hearings after notice before adoption of such changes by council, together with the filing of essential plans and plats and other data respecting such changes for public inspection.

In the Englund and Peplin cases it was found that "ordinances 1950-15 and 1950-126 of the Village of Westlake were not adopted pursuant to the requirements of §4366-7 to -11 GC, and therefore do not constitute valid zoning regulations * * *" and in those cases it was adjudged that the village's petition for injunction be dismissed.

There is no evidence in this case that the village pursued each and every step properly to enact these amendments. There is some hazy evidence on the point. It eminates from the recollection of the Mayor of the Village concerning oral reports made to the Council by the Planning Commission.

It is the Court's conclusion that petitioner has shown by preponderance of the evidence that these ordinances were not passed pursuant to law.

Stipulations 5 and 6 do not evidence strict adherence to the procedural steps required by statute law. It is the Court's view that Ordinance 3310 is not a valid ordinance. In view of the foregoing the Court now has before it the original Ordi-

nance 1973 with all of its inherent vices and deficiencies as recognized by the Court of Appeals and Supreme Court in the original Elrich and Lieux cases; and as applied to the facts in this case that Ordinance 1973 is unconstitutional and invalid.

Apart from the Zoning Law there is an ordinance which requires the procurement of a building permit for the construction of any building within the municipality. It was the clear duty of the Building Commissioner, in view of the foregoing, to issue such permit, and it was the further duty of the Zoning Board of Appeals considering the plaintiff's appeal to reverse the Building Commissioner's denial.

Even if the original ordinance is constitutional and its amendments validly enacted, the evidence pertaining to the history and background of this case, particularly the character and development of the village and of the relationship between the plaintiff and the village, indicates by preponderance that the failure of the Building Commissioner to issue the permit was an abuse of discretion. The greenhouse use was nonconforming and nowhere in the legislation is there any express prohibitions against extension of such use as was involved in the **Stegner case, 120 Oh St 418.**

The petition for writ of mandamus is granted; at defendant's costs. A journal entry should be prepared accordingly containing exceptions to the village.