237 So.2d 308 (1970)
FLORIDA TALLOW CORPORATION and Petroleum Products Corporation, Appellants,
v.
Phil BRYAN, J.W. Moffitt, Jr., Charles Feighan, John P. Curci and William A. Foster, As Town Commissioners of the Town of Pembroke Park, Florida, and the Town of Pembroke Park, Florida, a Municipal Corporation, Appellees.
No. 69-493.
District Court of Appeal of Florida, Fourth District.
June 9, 1970.
Rehearing Denied August 6, 1970.
*309 James E. Tribble, of Blackwell, Walker & Gray, Miami, for appellants.
A.J. Ryan, Jr., and George A. Shahood, Dania, for appellees.
DRIVER, B.J., Associate Judge.
Appellants, Florida Tallow Corporation and Petroleum Products Corporation, appeal a final judgment entered against them and in favor of appellees, Town of Pembroke Park and its Town Commissioners.
Appellants own land having an industrial zoning classification in the Town of Pembroke Park. They operate heavy industry on the premises. Contiguous to appellants' land is land known as the Delia Clark Tract. The Town at the instigation of Mr. Clark, an owner of the Delia Clark Tract, passed its Ordinance No. 9-63-6 rezoning the Delia Clark Tract from industrial use to trailer park use. It is appellants' contention here, as it was in the trial court, that the rezoning injured them, amounted to improper zoning and that Ordinance No. 9-63-6 effecting the change was not legally adopted.
The zoning authority of the Town of Pembroke Park is derived solely from its Ordinance No. 5-63-1, adopted as a comprehensive zoning plan. Section 13 of this Ordinance provides:
"No change of any nature shall be made in the official zoning map or matters shown thereon except in conformity with the procedures set forth in this ordinance."
Procedures and methods for making zoning changes are found in Section 19(b), which requires:
"Any proposed amendment, supplement, change, modification, or repeal shall first be submitted to the Zoning Commission for its recommendations and report, which Commission may at its option hold a public hearing before making its recommendation or report."
Ordinance No. 9-63-6 changing the zoning of the Delia Clark Tract was adopted by the Town Commissioners, but without first submitting it to the Zoning Commission as required by Section 19(b), supra. It is upon this failure to refer to the Zoning Commission the proposed change that appellants base their attack on the validity of the Ordinance.
The word "shall" when used in a statute or ordinance has, according to its normal usage, a mandatory connotation. Neal v. Bryant, Fla. 1962, 149 So.2d 529; Headley v. State ex rel. Bethune, Fla.App. 1964, 166 So.2d 479.
Sovereign fiat is not an attribute of the municipal corporations of this state. They have no inherent right to restrict the use of land through zoning, but such right is limited by the statute or ordinance creating the same. The Town is as bound by Ordinance No. 5-63-1, its Comprehensive Zoning Ordinance, as are the property owners and lands within its purview.
The pivotal issue to be decided then, is: did the failure to first submit the proposed zoning change to the Zoning Commission invalidate Ordinance No. 9-63-6?
Research fails to turn up any Florida cases directly in point. There is, however, in other jurisdictions a considerable depository of law treating with the question. Armourdale State Bank v. City of Kansas City, 1930, 131 Kan. 419, 292 P. 745; City of Somerset v. Weise, Ky.App. 1954, 263 S.W.2d 921; State ex rel. Luechtefeld v. Arnold, Mo. App. 1941, 149 S.W.2d 384; Welch v. City of Niagara Falls, 1924, 210 App.Div. 170, 205 N.Y.S. 454; Vito v. City of Garfield Heights, 1962, C.P. Cuyahoga *310 Co. Ohio, Ohio Com.Pl., 94 Abst. 21, 31 Ohio 2d 530, 200 N.E.2d 501; Smart v. Lloyd, Tex.Civ.App. 1963, 370 S.W.2d 245; Standard Oil Co. of New Jersey v. City of Charlottesville, 4 Cir.1930, 42 F.2d 88; Lauterbach v. Centralia, 1956, 49 Wash.2d 550, 304 P.2d 656; Shepard's Ordinance Law Annotations, Vol. 5, page 683.
The just cited cases reflect the strongly prevailing weight of authority. They hold that where a zoning act has a statutory prerequisite that any proposed change in classification shall be referred to a Zoning Commission, or similar body, for its consideration before any change is made, the referral is mandatory and not discretionary. If the mandate of referral is ignored, then consequent passage of an ordinance purporting to change a zoning classification is invalid.
The Town urges that substantial compliance with the zoning ordinance is all the law requires and that failure to observe procedural niceties in the enactment of an ordinance making zoning changes does not vitiate the ordinance. Conceding this to be the rule, it still affords appellees weak support, for the uncontroverted fact is, there was total non-compliance with Section 19(b) of Ordinance No. 5-63-1 controlling the method of changing zoning classifications in the Town.
The Town in wielding its zoning authority under Ordinance No. 5-63-1 finds itself working with a double-bitted axe which cuts both ways. The Town cannot exercise the authority to change zoning granted by one provision of Ordinance 5-63-1, the comprehensive zoning plan, and yet completely ignore the obligatory requirements of the same ordinance as they pertain to the method and procedure for making zoning changes. Newman v. Smith, 1961, 217 Ga. 465, 123 S.E.2d 305.
We hold that the failure to first submit the proposed zoning change to the Zoning Commission invalidates passage of Ordinance No. 9-63-6 and the change of classification made by it.
We have not overlooked the other points raised by appellants touching upon the merits of the zoning change, but in light of the above ruling do not deem discussion of them necessary to disposition of the appeal.
The judgment appealed is reversed with directions to enter judgment for appellants, Florida Tallow Corporation and Petroleum Products Corporation.
McCAIN and OWEN, JJ., concur.