280 So.2d 20 (1973)
Mamie Farmer WHITE, Appellant,
v.
Timothy J. MEANS, Appellee.
No. R-405.
District Court of Appeal of Florida, First District.
June 7, 1973.
Rehearing Denied July 31, 1973.
Wayne E. Ripley, Jacksonville, for appellant.
Harry B. Mahon, Mahon & Mahon, Jacksonville, for appellee.
CARROLL, DONALD K., Acting Chief Judge.
The plaintiff in a paternity action has appealed from an order entered by the Circuit Court for Duval County, denying her motion for attorney's fees and costs.
The sole question presented for our determination in this appeal is whether that court erred in denying her motion for an attorney's fee and costs "in conformity with the provisions" of Section 742.031, Florida Statutes, F.S.A.
With reference to the attorney's fee, the ultimate question is whether the word "shall" in the said statute should be construed as mandatory or as permissive only.
The mentioned statutory provision reads in pertinent part, that in a paternity action:
"The court shall determine the issues of paternity of the child, ... and if the court shall find the defendant to be the father of the child he shall so order *21 and shall further order the defendant to pay the complainant, ..., such sum or sums as shall be sufficient to pay reasonable attorney's fee, hospital or medical expenses, cost of confinement and any other expenses incident to the birth of such child." (Emphasis supplied.)
Despite this provision the trial court entered the order appealed from, holding the following:
"Plaintiff's motion for an award of attorney's fees for the services of her attorney in and about this cause be and the same is hereby denied. The Plaintiff shall be responsible for the payment of her own attorney's fees and costs."
The plaintiff alleged in her complaint, and the jury found in its verdict, that the defendant was the father of twins born to the plaintiff, then an unmarried widow. In a separate order the court ordered the defendant to pay $50 a month for the support of each of the twins.
Focusing on the exact language used in the said statutory provision, we find that it provides that "if the court shall find the defendant to be the father of the child," the court "shall further order the defendant to pay the complainant ... such sum or sums as shall be sufficient to pay reasonable attorney's fee, hospital or medical expenses, cost of confinement and any other expenses incidental to the birth of the child."
The pivotal question, then, is whether the word "shall" in the just-quoted clause should be interpreted as mandatory or as permissive or discretionary only.
Decisions can be cited in support of either position as to the meaning of "shall" in a statute, but the conflict is more apparent than real, for the interpretation of the word "shall" depends upon the context in which it is found and upon the intention of the legislature as expressed in the statute.
Examining the word "shall" in the above-quoted provision the light of the context in which it is placed and in the light of the legislature's intention as expressed in the statute, we hold that the word "shall" should be given a mandatory meaning, so that, when the court held that the defendant was the father of the plaintiff's twins, it was incumbent upon the court to order the defendant to pay the plaintiff a sum sufficient to pay a reasonable attorney's fee.
Our holding is consistent with that of the Third District Court of Appeal in Smith v. Wise, 234 So.2d 145 (Fla.App. 1970), in which our sister court said:
"The result of our reversal of the judgment (on appeal No. 69-679) is that the fee order which was the subject of appeal No. 69-1044 also should be reversed. This is so because in a proceeding brought under Chapter 742 Fla.Sta., F.S.A., the authority to order the defendant to pay plaintiff's attorney fees, as provided for in § 742.031, is made to depend on the plaintiff's prosecution of her cause to a successful termination."
The normal meaning of the word "shall" is mandatory by nature, as pointed out by the Supreme Court of Florida in Neal v. Bryant, 149 So.2d 529 (Fla. 1962), which said therein:
"Upon a full consideration of the provisions of the statute in question, it is our determination that the provisions thereof regarding a preliminary investigation as to probable cause are mandatory in nature. This construction is compelled by the use of the word `shall' in the statute in question which, according to its normal usage, has a mandatory connotation."
Finally, our Supreme Court held in State ex rel. Gillespie et al. v. County of Bay et al., 112 Fla. 687, 151 So. 10 (1933), as *22 summarized in 30 Fla.Jur., Statutes, Sec. 8, p. 100:
"A statute providing that the board of county commissioners `shall' levy annually all such special taxes on the taxable property within the limits of the county as might be necessary to pay the interest on road construction bonds, and provide a sinking fund for the payment thereof, makes it the mandatory duty of those officers to impose the required tax in order to protect contract rights acquired pursuant to the statute authorizing the bond issue."
The question of the propriety of the trial court's order denying the plaintiff's motion to tax court costs against the defendant cannot be so readily disposed of, for the statute (Section 742.031, Florida Statutes F.S.A.), quoted above, does not mandatorily require the court to order the defendant to pay court costs, as the statute requires as to attorney's fees, but only requires the court to order the defendant specifically to pay, "hospital or medical expenses, cost of confinement and any other expenses incident to the birth of such child."
We do not think that this quoted language can reasonably be construed to exclude the payment of court costs, for it is thoroughly consistent with the allowance of court costs, and the detailing of expenses that are allowable should not be construed to mean that the costs not included are not allowable. In our opinion, the legal maxim "inclusio unius est exclusio alterius" has no application here.
The rule is well established in Florida that, in the absence of a statutory provision, the award of costs rests in the sound judicial discretion of the trial court. White v. Walker, 5 Fla. 478 (Fla. 1854), Cohn v. Florida National Bank at Orlando, 223 So.2d 767 (Fla.App. 1969).
We hold that, under the quoted statute, it is within the trial court's discretion to assess court costs against the defendant, but we are not prepared to hold that the court abused its discretion in denying the plaintiff's motion for costs.
Therefore, the order appealed from herein must be, and it is, reversed as to its denial of attorney's fees but it is otherwise affirmed.
Simultaneously with the filing of this judgment, we are entering an order awarding against the defendant attorney's fees for the plaintiff-appellant's attorney's services in this appeal.
Affirmed in part and reversed in part.
RAWLS and WIGGINTON, JJ., concur.