QUESTIONS: 1. Do Part II, Revenue Sharing Act of 1972, and Part III, Uniform Local Government Financial Management and Reporting Act, (Ch. 218, F.S.) apply to regional housing authorities? 2. If so, do the federal regulations, specifically regarding beginning of the fiscal year, budget approval, and adoption of uniform classification of accounts, take precedence over Part III of Ch.218, F.S.?
SUMMARY: Part II of Ch. 218, F.S., the Revenue Sharing Act of 1972, does not apply to regional housing authorities established pursuant to Ch. 421, F.S., such as the Northwest Florida Regional Housing Authority. Part III of Ch. 218, F.S., the Uniform Local Government Financial Management and Reporting Act, does apply to regional housing authorities except where clearly not applicable. Dual accounting may be used in order to satisfy conflicting mandatory requirements of federal agencies, when necessary to satisfy the obligations precedent to obtaining federal funds. Your first question is answered in the negative as to the applicability of the Revenue Sharing Act of 1972, and in the affirmative as to the applicability of the Uniform Local Government Financial Management and Reporting Act. Your second question is answered in the negative. The relevant portion of the Revenue Sharing Act of 1972, as amended by Ch. 74-194, Laws of Florida, is as follows:218.21 Definitions. — As used in this part, the following words and terms shall have the meanings ascribed them in this section, except where the context clearly indicates a different meaning: (1) "Unit of local government" means a county or municipal government and shall not include any special district as defined in part III of this chapter. (2) "County" means a political subdivision of the state as established pursuant to section 1, article VIII of the state constitution. (3) "Municipality" means a municipality created pursuant to general or special law and metropolitan and consolidated governments as provided in section (6)(c) and (f) of article VIII of the state constitution. Such municipality must have held an election for its legislative body pursuant to law and established such a legislative body which meets pursuant to law. The Northwest Florida Regional Housing Authority is neither a county nor municipal government as defined by and for the purposes of Part II of Ch. 218, F.S., and therefore is not a "unit of local government" under the above act. It is a statutorily created public corporation and body politic, ss. 421.28 and 421.31, F.S., and is not subject to the terms of the State Revenue Sharing Act. See AGO 073-246. Therefore, the requirements of s. 218.23 regarding eligibility for revenue sharing by units of local government have no application to the authority nor is the authority eligible for revenue sharing funds. The definition of a unit of local government as used in the Uniform Local Government Financial Management and Reporting Act differs materially from that in the State Revenue Sharing Act. The relevant portions of the former act are as follows: 218.31
Definitions. — As used in this part, except where the context clearly indicates a different meaning: (1) "Unit of local government" means a county, municipality or special district. * * * * * (5) "Special district" means a local unit of special government, except district school boards and community college districts, created pursuant to general or special law for the purpose of performing prescribed specialized functions, including urban service functions, within limited boundaries. * * * * * (7) "Independent special district" means a special district whose governing head is an independent body, either appointed or elected, and whose budget is established independently of the local governing authority, even though there may be appropriation of funds generally available to a local governing authority involved. 218.32 Financial reporting; units of local government. — (1) Every unit of local government shall submit a copy of a financial report covering their operations during the preceding fiscal year within ninety days after the close of the fiscal year. . . . 218.33 Units of local government; establishment of uniform fiscal years and accounting practices and procedures. — (1) Every unit of local government shall begin its fiscal year on October 1 of each year and end it on September 30. (2) The department is empowered and authorized to make such reasonable rules and regulations regarding uniform accounting practices and procedures by units of local government in this state, including a uniform classification of accounts, as it deems necessary to assure the use of proper accounting and fiscal management techniques by such units. 218.34 Special districts; financial matters. — * * * * * (3) The proposed budget of an independent special district located solely within one county shall be filed with the clerk of the county governing authority by September 1 of each year. (4) The local governing authority may, in its discretion, review and approve the budget or tax levy of any special district located solely within its boundaries. Thus, under this statute a unit of local government includes not only municipalities and counties, but also special districts as defined by the statute. A special district is defined to include any local unit of special government (other than district school boards or community college districts) created by general or special law for the purpose of performing prescribed specialized functions including urban service functions within limited boundaries. As the definition of a unit of local government in s. 218.31, F.S., includes special districts, an examination of the definition of a special district in and for the purpose of that same s. 218.31 is necessary. The authority is a "local unit of special government," having a specific geographic location and boundaries (s. 421.29, F.S.) and such special and limited governmental powers as are set out by statute in Ch. 421, F.S. It was created by general law (Ch. 421) for the purpose of performing prescribed specialized functions within limited boundaries. It would therefore appear that the authority is a special district and a unit of local government within the meaning of Part III of Ch. 218, F.S. See AGO 074-234. As noted above, the Housing Authority is a public corporation and body politic. Section 218.31, F.S., for purposes of Part III, defines special district to mean a local unit of special government and for such purpose it need not possess taxing powers in order to be a special district, but may be characterized as a political district or subdivision such as is referred to in ss.421.17 and 75.02, F.S. It is not inconsistent for a public corporation to be characterized as a special district, a political district or subdivision, or a unit of special government for certain definite purposes and, therefore, this does not change the above conclusion. See O'Malley v. Florida Insurance Guaranty Ass'n, 257 So.2d 9, 11 (Fla. 1971); Forbes Pioneer Boat Line v. Board of Commissioners, 82 So. 346, 350 (Fla. 1919); AGO's 071-102 and 072-210. As such, the requirements of the statute relating to such matters as financial reporting, uniform fiscal years and uniform financial reporting, disbursement and expenditure of revenues, and post auditing of financial accounts, which are set out in mandatory nature by the use of "shall" and "shall not," may not be treated in a discretionary manner by those subject to the terms of the act. See Florida Tallow Corp. v. Bryan, 237 So.2d 308
(4 D.C.A. Fla., 1970). Any exceptions from these requirements must be provided for by the legislature. Therefore, these requirements must be complied with by the regional housing authorities. It should be noted, however, that certain sections of Ch. 218, F.S., such as s. 218.34(3) and (4), do not seem to apply to regional housing authorities since those authorities are, by their nature, not located solely within one county. Nevertheless, the authorities are within the requirements of other sections, e.g., ss. 218.32, 218.33, and 218.34(1) and (5), F.S. See AGO's 073-303, 074-17, and 074-114 dealing with multi-county districts and public corporations subject to Part III of Ch. 218. As to the federal requirements which must be satisfied pursuant to federal law, if the federal contracts, grants, or regulations require a different accounting period or practice as to bonds or as to any federal grants or loans or other federal funds, the authority will have to comply with both Part III of Ch. 218, F.S., and the federal requirements if such requirements are in fact a condition precedent to eligibility for and use of the federal grants, loans, or other funds regardless of different state fiscal laws and requirements. There is no proscription in Ch. 218 to such dual accounting, and such procedures would appear to satisfy both the state and federal requirements. Cf. AGO 073-343.