QUESTIONS: 1. Must a circuit court clerk record a plat that has been approved by the appropriate governing bodies as required by s. 177.071, F.S., when the party which has sought and received the plat approval refuses to pay the clerk the filing fees in order to avoid temporarily placing of the plats of record? 2. What recourse is available to the circuit court clerk in event the party for whom the plat was approved fails to pay the recording costs to put the plat of record?
SUMMARY: The Circuit Court Clerk for Clay County can record a plat that has been approved by the appropriate governing bodies only upon payment of the statutory filing fees. The party obtaining plat approval has no legal obligation to pay these fees once approval has been obtained. Nor does the circuit court clerk have the legal authority to record the plat and then charge that party the statutory fees. However, under an appropriate statutory prohibition, that party may be subject to various civil and criminal sanctions if he proceeds to sell lots by reference to an unrecorded plat in violation of Ch. 163 or Ch. 478, F.S. AS TO QUESTION 1: Chapter 177, F.S., is designed to establish minimum requirements in the platting of lands. Section 177.071 provides: "Before a plat is offered for recording, it shall be approved by the appropriate governing bodies in a county." Section 177.111
provides in part: After the approval by the appropriate governing bodies required by s. 177.071, the plat shall be submitted to the circuit court clerk or other recording officer for his acceptance or recording. (Emphasis supplied.) The problem here arises in determining whether the above-stated "shall" presents a mandatory obligation upon the circuit court clerk to record the plat once it has been approved by the governing body. Although the decisions of the Florida courts on the question of whether "shall" should be considered as mandatory or as permissive are not uniform, the following presents perhaps the clearest resolution of this problem: Decisions can be cited in support of either position as to the meaning of "shall" in a statute, but the conflict is more apparent than real, for the interpretation of the word "shall" depends upon the context in which it is found and upon the intention of the Legislature as expressed in the statute. [White v. Means, 280 So.2d 20, 21 (1 D.C.A. Fla., 1973).] Here it should be noted that the s. 177.111 "shall be submitted" requirement is placed in the passive tense — in other words, the section does not specify who is supposed to submit the plat to the circuit court clerk in the first place. Furthermore, even assuming that the governing body (rather than the plat developer) is the party required to submit the plat to the circuit court clerk, the section does not specifically direct the clerk to record the plat. That authority is obtained from s. 28.222(3), F.S.: The clerk of the circuit court shall record the following kinds of instruments presented to him for recording upon payment of the service charges prescribed by law: * * * * * (g) Any other instrument required or authorized by law to be recorded. (Emphasis supplied.) The fee for recording plats is then specified in s. 28.24(15), F.S. Reading these above statutes in pari materia, it seems apparent that the mandatory obligation imposed upon the clerk to record the plat arises only "upon payment of the service charges prescribed by law." Nowhere in the statutory language is either the governing body or the clerk directed to pay these service charges. Rather, the specific obligation of the governing body is restricted to plat approval or disapproval, and of the clerk to record once approval has been given and service charges have been paid. The obvious implication is that the plat developer — who originally requested the plat approval and stands to benefit from it — has the obligation of setting the recordation machinery in motion by paying the prescribed fees. Only then does the clerk have the mandatory obligation to place the plats of record. A further implication from s. 28.222(3), F.S., then is that the clerk cannot record the plats until the developer has paid the prescribed fees. Your first question is, therefore, answered in the negative. AS TO QUESTION 2: As to what recourse is available to the circuit court clerk if the party for whom the plat was approved fails to pay the recording costs, the clerk's only alternative is to refuse to place the plat of record. No specific statutory authority exists enabling the clerk to record the plat and then to charge the plat developer the appropriate fees. Rather, the implication from the above-stated statutes is that the clerk cannot record until the developer has paid the fees. This response to the second question should not be interpreted to mean that the developer can, necessarily, ignore the plat design he has submitted for approval and then sell his lots in any fashion he wishes. A county may establish a commission under ss. 163.160163. 315, F.S., to develop a comprehensive plan and subdivision regulations for the future development of the area under its jurisdiction; or it may have special-act authority to do so. Cf. AGO 072-273. Section 163.275 provides: When a governing body has adopted subdivision regulations in accord with this part, it shall be unlawful for anyone who is the owner or agent of the owner of any land to transfer, sell, agree to sell, or negotiate to sell such land by reference to, exhibition of or other use of a plat of such subdivision without having submitted a plan and plat of such subdivision for approval as required by this part and without having recorded the approved subdivision plat as required. (Emphasis supplied.) The clear intent of the statute is that, if the county has established the appropriate commission, a developer cannot sell lots by reference to a plat unless he has both obtained commission approval and recorded these plats in the circuit court clerk's office. If he refuses to follow this procedure, he faces penal sanctions. As an additional restriction upon the sale of lots by reference to unrecorded plats, if the plat involves a subdivision of fifty or more lots, the developer cannot dispose of these lots unless he complies with the registration requirements of Ch. 478, F.S., and the regulations promulgated thereunder by the Division of Florida Land Sales. One of these regulations provides that the division will consider a developer's general promotional plan false and misleading if "[t]he purported plat of subdivided lands by which lots, tracts or parcels are offered for sale has not been duly recorded in the plat records of the county. . . ," unless the developer clearly states that they are maps only and not plats. See Florida Administrative Code s. 7D-5.08(4). If such a determination is made, the developer is subject to various civil and criminal liabilities as specified in Ch. 478.