QUESTION: May the Department of Health and Rehabilitative Services authorize an inmate of a penal and correctional institution to establish a bank account in his own name and under his personal control with the moneys which the department receives for the personal benefit of such inmate?
SUMMARY: Under s. 402.17, F.S., the Department of Offender Rehabilitation is required by law to administer moneys and other property received for the personal benefit of the inmates of penal and correctional institutions under its control and supervision. The department may establish in its name, as trustee, savings accounts, demand deposits, or time deposits or invest in the manner authorized by law for fiduciaries such of the moneys received by it for the personal use and benefit of inmates in penal and correctional institutions and may commingle such moneys for the purpose of deposit or investment and from time to time withdraw such moneys and use the same to meet current needs of such inmates. The department may not allow an inmate of a penal and correctional institution under its supervision and control to establish a bank account in his own name and under his personal control for the deposit or investment of moneys received by the department for the personal use or benefit of such inmate. I am informed that the matter about which you inquire may be at issue in ongoing litigation involving your department. If so, the following comments may be helpful in your preparatory consideration of the provisions of statutory law which are relevant thereto. Section 402.17, F.S., provides in pertinent part that the Department of Health and Rehabilitative Services (hereinafter referred to as the "department") "shall administer money and other property received for the benefit of . . . inmates" (Emphasis supplied.) under its control and supervision. In carrying out this obligation, the department is empowered by s.402.17(2) to: (a) Accept and administer as a trust any money or other property received for personal use or benefit of any inmate; (b) Deposit money so received in banks qualified as state depositories; (c) Withdraw any such money and use the same to meet the current needs of the . . . inmate as they may exist from time to time; (d) As such trustee to establish savings accounts, demand deposits, or time deposits, or invest in the manner authorized by law for fiduciaries such moneys not required to be used for current needs of the . . . inmate;
(e) To commingle such moneys for the purpose of deposit or investment. The word "shall" in its ordinary and common usage, denotes a mandatory connotation. See Neal v. Bryant,149 So.2d 529, 532 (Fla. 1962); Florida Tallow Corporation v. Bryan,237 So.2d 308, 309 (4 D.C.A. Fla., 1970). Thus, since I find no manifest legislative intent to the contrary, it would appear that a mandatory duty has been imposed upon the department by the foregoing statutory provisions to administer money and other property received for the personal benefit of inmates of penal and correctional institutions. As to the manner in which this mandatory duty may be performed, it is a well-established rule that an administrative agency, as a creature of statute, has no powers except those expressly mentioned in the statute or implied therefrom in order to carry out its express powers, and may exercise the powers granted only in the manner prescribed by law. See Edgerton v. International Co., 89 So.2d 488 (Fla. 1956); City of Cape Coral v. G.A.C. Utilities, Inc. of Florida, 281 So.2d 493
(Fla. 1973); State ex rel. Greenberg v. Florida State Bd. of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed,300 So.2d 900 (Fla. 1974); cf. AGO's 075-94, 075-62, and 073-489. In this regard, nowhere in s. 402.17, F.S., is the department authorized to relinquish control of money it receives for the personal benefit of inmates of penal and correctional institutions to the inmates themselves. Indeed, s. 402.17(2)(b) and (c), id. — empowering the department to deposit any moneys so received by it outside of the state treasury in banks qualified as state depositories (see ss. 18.101 and 18.11, F.S.) and to withdraw such moneys and use the same to meet current needs of inmates existent from time to time — indicates a legislative intent that all moneys so deposited be deposited in the name of the department and be at all times subject to or under the control of the department, thus negating any implied authority in the department to allow an inmate to establish and control his own bank accounts. See also s. 402.17(2)(e), id. In sum, therefore, the department may establish in its name, as trustee, savings accounts, demand deposits, or other time deposits, or invest in the manner authorized by law for fiduciaries, such of the moneys received for the personal use or benefit of inmates in penal and correctional institutions not required to be used for current needs of inmates and may commingle such moneys for the purpose of such deposits or investments and withdraw such moneys from time to time to meet current needs of inmates. Cf. AGO 075-52. However, the department may not allow an inmate to have a bank account in his own name and under his personal control for the deposit or investment of such moneys. Finally, it should be noted that Ch. 75-49, Laws of Florida (effective July 1, 1975), the Correctional Organization Act of 1975, establishes the Department of Offender Rehabilitation and transfers to it all powers, duties, and functions of the Division of Corrections of the Department of Health and Rehabilitative Services by a type four transfer pursuant to s.20.06(4), F.S. For the purposes of this opinion, such transfer and reorganization, to be completed by July 1, 1976, apparently means that the duty to administer money and other property received for the personal benefit of inmates under the supervision and control of the old Division of Corrections has been transferred to the new Department of Offender Rehabilitation. Your question is answered in the negative.