Winifred S. Hill St. Johns County Tax Collector St. Augustine
QUESTION:
May a tax collector having, receiving, or collecting any money, either for his office or for another office of state or local government, while such money is surplus to the current needs of his office or is pending distribution, invest such surplus funds in savings accounts in local banks and savings and loan associations?
SUMMARY:
Tax collectors are not authorized by law to invest funds, which have been received or collected either for their office or for another office of state or local government and which are surplus to the current needs of their office or are pending distribution, in savings accounts in local banks or in savings and loan associations.
Section 219.075, F. S., requires that, except as otherwise provided by law, tax collectors who have collected or received money for their office which is surplus to the current needs of their office, or who have collected or received money for another officer of state or local government which is pending distribution
 shall invest such money, without limitation, in the Local Government Surplus Funds Trust Fund, as created by s. 218.405, or in bonds, notes, or other obligations of the United States guaranteed by the United States or for which the credit of the United States is pledged for the payment of the principal and interest or dividends. These investments shall be planned so as not to slow the normal distribution of the subject funds. The investment earnings shall be reasonably apportioned and allocated and shall be credited to the account of, and paid to, the office or distributee, together with the principal on which such earnings are accrued.
 (2) Except when another procedure is prescribed by law, ordinance, or court order as to particular funds, the tax collector shall, as soon as feasible after collection, deposit in a bank designated as a depository of public funds, as provided in s. 659.24, all taxes, fees, and other collections received by him and held prior to distribution to the appropriate taxing authority. Immediately after such funds have cleared and have been properly credited to his account, the tax collector shall invest such funds according to the provisions of this section. The earnings from such investments shall be apportioned at least quarterly on a pro-rata basis to the appropriate taxing authorities. However, the tax collector may deduct therefrom such reasonable amounts as are necessary to provide for costs of administration of such investments and deposits. (Emphasis supplied.)
Section 2, Ch. 77-394, Laws of Florida, amended s. 219.075, F. S., by changing the statutorily enacted investment decision of the tax collector from discretionary to mandatory by substituting `shall invest' for `may invest' and by creating the Local Government Surplus Funds Trust Fund. See s. 218.405, F. S. Except where the context of a statute manifests a contrary legislative intent, the ordinary usage and meaning of the word `shall' is mandatory. See,e.g., Florida Tallow Corp. v. Bryan, 237 So.2d 308 (4 D.C.A. Fla., 1970); White v. Means, 280 So.2d 20 (1 D.C.A. Fla., 1973). No such contrary intent can be gleaned from the statutory context or the legislative history of s. 219.075, F. S. Moreover, the title of Ch. 77-394 specifically makes evident the legislative intent to enact legislation `requiring tax collectors to deposit funds collected by them held prior to distribution to the appropriate taxing authority and to invest such funds' and requiring tax collectors `to invest surplus public funds in obligations of or obligations guaranteed by, the United States Government, or in the Local Government Surplus Funds Trust Fund.' (Emphasis supplied.) When the Legislature has prescribed a particular way something is to be done, that mode must be followed. A controlling law directing how something is to be done is, in effect, a prohibition against its being done any other way. See Devin v. City of Hollywood, 351 So.2d 1022 (Fla. 1976); Thayer v. State335 So.2d 815 (Fla. 1976); Dodds v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Alsop v. Pierce, 19 So.2d 799 (Fla. 1944).
I can find no statutory authorization for the investment in local banks or savings and loan associations of `surplus funds,' as defined by s. 219.075, F. S., either in this section or any other chapter or section of the Florida Statutes.
Based upon the above analysis, and applying the foregoing principles to your specific question, I conclude that tax collectors are not authorized by law to invest funds which are `surplus to the current needs of his office' or which are pending `distribution to another office of state or local government' in savings accounts in local banks and savings and loan associations.
Accordingly, your question is answered in the negative.
Prepared by: Craig B. Willis, Assistant Attorney General