Michael H. Davidson General Councel Florida Parole and Probation Commission Tallahassee
QUESTION:
Should an inmate who is sentenced to a minimum mandatory term of 3 years be interviewed for parole conisderation prior to the expiration of 3 calendar years from the date of his sentence?
SUMMARY:
An inmate sentenced under the provisions of s. 775.087, F. S., to serve a minimum mandatory term of 3 full years should be interviewed for parole consideration as provided in s. 947.16, F. S., regardless of the fact that such an inmate will not be eligible for parole prior to serving 3 full years.
Your inquiry necessarily involves an application of s. 947.16, F. S. (1978 Supp.), as amended by Chs. 79-3, 79-42, 79-164, 79-310, and 79-341, Laws of Florida, and s. 775.087, F. S. Section947.16(1) provides in pertinent part:
 Every person who has been, or who may hereafter be, convicted of a felony or who has been convicted of one or more misdemeanors and whose sentence or cumulative sentences total 12 months or more, who is confined in execution of the judgment of the court, and whose record during confinement is good, shall, unless otherwise provided by law, be eligible for consideration for parole. An inmate who has been sentenced for an indeterminate term or a term of 5 years or less shall have an initial interview conducted by a hearing examiner panel within 6 months after the initial date of confinement in execution of the judgment. An inmate who has been sentenced to a minimum term in excess of 5 years shall have an initial interview conducted by a hearing examiner panel within 1 year after the initial date of confinement in execution of the judgment. An inmate convicted of a capital crime shall be interviewed at the discretion of the commission. . . .
Section 775.087(2), F. S., provides that any person convicted of certain enumerated crimes while in the possession of a firearm or destructive device, as defined in Ch. 790, F. S., shall be sentenced to a minimum term of 3 calendar years and shall not be eligible for parole or statutory gain-time until he has served such minimum 3-year sentence. Your question concerns whether a person who is sentenced under s. 775.087 to a minimum mandatory term of 3 calendar years is entitled to be interviewed in accordance with the provisions of s. 947.16(1), F. S., as set out above, in spite of the fact that he will not be eligible for parole until he has served 3 full years. For the following reasons, I conclude that such persons should be interviewed as provided in s. 947.16(1).
In your letter, you indicate that the opinion issued by this office in AGO 075-202 supports your conclusion that persons sentenced to serve a minimum, mandatory term under s. 775.087, F. S., are not entitled to be interviewed prior to their having served 3 full years. I cannot agree that the conclusion reached in that opinion is applicable. The questions presented in AGO 075-202 were: When does a person under a minimum sentence pursuant to s.775.087(2), F. S. 1975, become eligible for parole release and, is such a person entitled to statutory gain-time? The first question was answered to the effect that by the very terms of the statute itself such a person is not eligible for parole until he has served a minimum of 3 years' imprisonment. No question was presented or answered concerning whether such persons should beconsidered for parole or when their first interview should be conducted. The second question was answered to the effect that the Legislature had not specifically excluded persons sentenced to serve minimum mandatory terms from accumulating gain-time and, consequently, that they were entitled to it. But see Ch. 76-75, Laws of Florida, which amended s. 775.087 to preclude persons under minimum, mandatory sentences from accumulating statutory gain-time. The conclusions reached in that opinion are consistent with the law as it existed at that time but are not material to the question you have posed and must be distinguished on that basis.
The first sentence of s. 947.16(1), F. S. (1978 Supp.), provides that every person who has been convicted of a felony or one or more misdemeanors and whose sentence or cumulative sentences are for 12 months or more, who has been confined in execution of the court's judgment, and whose postconfinement record is good `shall,unless otherwise provided by law, be eligible for considerationfor parole.' (Emphasis supplied.) This provision does not exclude those persons sentenced under s. 775.087, F. S., to serve a minimum mandatory term of 3 calendar years. Clearly, such a person is not eligible for parole prior to serving 3 full years. This does not mean, however, that this same person should not beconsidered for parole. It is likely that a person who must serve a minimum mandatory term of 3 calendar years will have beensentenced to serve a total in excess of 3 years. Such a person is still eligible to be paroled prior to serving the total sentence, the applicable restriction merely being that he cannot be paroled prior to serving 3 calendar years. Cf. s. 947.16(4); s. 947.172, F. S. (1978 Supp.), as amended by Chs. 79-3 and 79-42, Laws of Florida; and s. 947.173, F. S. (1978 Supp.), as amended by Chs. 79-42 and 79-164, Laws of Florida, as they relate to the establishment and review of presumptive parole release dates. Andsee s. 921.16(2), F. S. (1978 Supp.), as amended by Chs. 79-3, 79-42, and 79-310, Laws of Florida, as it relates to prisoners serving concurrent sentences in other jurisdictions. None of these laws provide any express exception for persons sentenced to mandatory terms of imprisonment. In addition, s. 947.174(1), F. S. (1978 Supp.), as amended by Chs. 79-42 and 79-310, Laws of Florida, expressly recognizes that a presumptive parole release date may be set `more than 2 years after the date of the initial hearing date . . . .'
Since a person sentenced to a minimum mandatory term of 3 calender years is still eligible to be considered for parole, it follows that he should be interviewed as provided in s. 947.16(1), F. S. The language itself clearly states that
 [a]n inmate who has been sentenced for . . . 5 years or less shall have an initial interview . . . within 6 months after the initial confinement . . . . An inmate who has been sentenced for a minimum term in excess of 5 years shall have an initial interview . . . within 1 year after the initial date of confinement. . . . (Emphasis supplied.)
The word `shall' when used in the statutes is usually intended to be mandatory rather than directory. See Holloway v. State,342 So.2d 968 (Fla. 1977); White v. Means, 280 So.2d 20 (1 D.C.A. Fla., 1973); Florida Tallow Corp. v. Bryan, 237 So.2d 308 (4 D.C.A. Fla., 1970); and AGO's 079-29 and 078-66.
The provisions of s. 947.16(2), F. S., are the final factors on which I base my conclusion. That subsection provides that the intitial interview hearing may be postponed for up to 60 days for good cause and that it `may be deferred for an inmate who is out to court or transferred to the Department of Health and Rehabilitative Services for paychological or psychiatric treatment or observation.' (Emphasis supplied.) Cf. ss. 1, 2, and 4 of Ch. 79-310, Laws of Florida. The doctrine of expressio unius estexclusio alterius, the inclusion of one thing is the exclusion of others, Thayer v. State, 335 So.2d 815 (Fla. 1976), applied to the facts of your inquiry, would appear to exclude any postponement or deferment of the initial hearing interview for inmates sentenced to serve a minimum mandatory term of 3 full years. If the Legislature had intended that an inmate sentenced to a minimum mandatory term would have his initial interview postponed or deferred, it would have provided for such a procedure in the statute. Since it did not provide for such a postponement or deferment, I must conclude that it did not intend for one to be imposed.
In sum, I am of the opinion that an inmate sentenced under the provisions of s. 775.087, F. S., to serve a minimum mandatory term of 3 full years should be interviewed for parole consideration as provided in s. 947.16, F. S., regardless of the fact that such an inmate will not be eligible for parole prior to serving 3 full years.
Prepared by:
Percy W. Mallison, Jr. Assistant Attorney General