Mr. John Shaw Curry County Attorney, Board of County Commissioners of Gadsden County
QUESTIONS:
1. When granting an economic development ad valorem tax exemption pursuant to s. 196.1995, F.S. (1980 Supp.), may a board of county commissioners grant varying numbers of years exemption to different industries or must it grant such exemption for a full 10 year period?
2. May a board of county commissioners grant an economic development ad valorem tax exemption to an industry pursuant to s.196.1995, F.S. (1980 Supp.), when said industry's buildings, improvements and equipment were being located and constructed prior to the October 7, 1980 passage of the constitutional amendment allowing such exemptions, but said industry was not a functioning or manufacturing concern on January 1, 1981 but was so functioning when application for said exemptions was made to the board of county commissioners?
SUMMARY:
Unless or until legislatively or judicially clarified or determined otherwise, the granting of an economic development ad valorem tax exemption to an industry, when such industry is a functioning manufacturing facility at the time the application for the exemption is made, would be left to the discretion of the board of county commissioners. This exemption or any other granted pursuant to s. 196.1995, F.S. (1980 Supp.), must be for a period of 10 years.
AS TO QUESTION 1:
As you are aware, s. 196.1995, F.S. (1980 Supp.), implements the constitutional authority for counties or municipalities to grant economic development ad valorem tax exemptions in certain circumstances. Section 3, Art. VII, State Const. Section196.1995(4), F.S. (1980 Supp.), reads in pertinent part as follows:
 Any such exemption shall remain in effect for 10 years with respect to any particular facility, regardless of any change in the authority of the county or municipality to grant such exemptions. (Emphasis supplied.)
Unless the context indicates otherwise, the word `shall' indicates a mandatory intent of the Legislature. 1A Sutherland, StatutoryConstruction s. 25.04 (C. Sands 4th Rev. ed. 1972), Fla., Florida Tallow Corp. v. Bryan, 237 So.2d 308 (4 D.C.A. Fla., 1970). Use of the word `shall' in the statute leaves little doubt that the Board of County Commissioners may grant exemptions only for a 10 year period of time.
AS TO QUESTION 2:
Section 196.1995(6), F.S. (1980 Supp.), reads in pertinent part as follows:
196.1995 Economic Development ad valorem tax exemption. —
 (6) Any person, firm, or corporation which desires an economic development ad valorem tax exemption shall, in the year the exemption is desired to take effect, file a written application on a form prescribed by the department with the board of county commissioners, the governing authority of the municipality, or both . . . .
The above language indicates that any person, firm or corporation may apply for the exemption so long as the application is made within the year the exemption is desired. While this language indicates that the entity must be on-going when it makes the application, there is no language in the statute or the department's form which denies the exemption based upon whether the construction for it began prior to a particular date.
The statute leaves the granting of such exemptions to the discretion of the board of county commissioners: Subsection (4) states that the board may grant such exemptions by ordinance atits discretion; subsection (6)(d) states that the application for the exemption must include proof to the satisfaction of the boardof county commissioners that it fits within the statutory definitions of `new business' or `expansion of an existing business' as set out in s. 196.012(14) and (15), F.S. (1980 Supp.), and subsection (8)(d) requires the inclusion, within any ordinance granting such an exemption, of a finding that the business meets the requirements of s. 196.012(14) or (15), F.S. (1980 Supp.).
Your letter indicated that the industry in question was a functioning manufacturing facility when the application for the exemption was made. The decision to grant an exemption, then, would be within the discretion of the board of county commissioners subject to the statutory limitations discussed above.
Prepared by: Barbara Staros Harmon, Assistant Attorney General