HENDRY, Judge.
Franklin B. Bystrom, Dade County Property Appraiser (Bystrom), appeals from a final summary judgment dismissing his amended complaint with prejudice. Florida Rock Industries, Inc. (Florida Rock), cross-appeals the trial court’s failure to dismiss for lack of prosecution. We affirm, based upon the following brief analysis.
Bystrom brought suit on January 7, 1982, to challenge two Property Appraisal Adjustment Board (PAAB) reductions of the 1980 ad valorem tax assessments on properties owned by Florida Rock, the tax *36 payer.[1] Florida Rock argued that the action was barred because Bystrom deliberately failed to certify the property assessments in order to have additional time to file the instant suit, which had to be filed prior to certification pursuant to section 193.122(2), Florida Statutes (1979).[2] The 1980 tax roll was partially certified on September 24, 1981. Florida Rock’s properties were excluded from certification until January 28, 1982, however, for the express purpose of filing challenge suits. The trial court granted Florida Rock final summary judgment on the ground that the delay in certification violated Bystrom’s “mandatory duty to certify the tax roll in accordance with section 193.122, F.S.” and therefore constituted bad faith and a denial of due process. See Chatlos v. Overstreet, 124 So.2d 1 (Fla.1960). The trial court stated that such a delay would effectively give Bystrom an unlimited extension of time in which to challenge the PAAB’s decision.[3] The trial court further denied Bystrom’s motion for rehearing, which had been filed with many supporting documents and an affidavit by Bystrom to show that partial certifications are a long-standing, acceptable practice that do not prevent taxpayers from challenging assessments, but rather ensure the orderly collection of taxes. This appeal followed.
At the time material to this appeal, section 193.122(2), Florida Statutes (1979), required that:
After certification of the tax rolls by the property appraisal adjustment board, the property appraiser shall make all required extensions on the rolls to show the tax attributable to all taxable property. Upon completion of these extensions, and upon satisfying himself that all property is properly taxed, the property appraiser shall certify the tax rolls. These certificates shall be made in the form required by the department and shall be attached to each roll as required by the department by regulation. An appeal of a property appraisal adjustment board decision pursuant to section 194.032(6)(a) 1. or 2. by the property appraiser shall be filed prior to certification of the tax roll under this subsection.
Bystrom’s contention on appeal is that the instant case is a property appraiser initiated lawsuit under section 194.-032(6)(a)(l) or (2), and falls within the time limitations set by section 193.122(2) above. He argues that the only limit upon his suit was that it be filed prior to the certification of the tax roll.
Under Bystrom’s theory, he is allowed an unlimited time period in which to file suit. We cannot agree. Here, Bystrom deliberately withheld certification of the two properties at issue, for the sole purpose of extending the time within which he could file suit, as is stated by him in his own more definite statement. Pursuant to section 194.171(2), Florida Statutes (1975), petitioning property owners had only sixty days “from the date the assessment being contested [was] certified for collection under s. 193.122(2)” to file suit. Thus, it would be unreasonable to require Florida Rock, or any other similarly situated property owner, to wait a four month period for the property appraiser’s certification. Application of the relevant statutes as interpreted by Bystrom would result in a denial of due process to the property owner. Due process requires a timely certification. See Miller v. Nolte, 453 So.2d 397 (Fla.1984) (persons have a right to due process when the protection and enforcement of their private rights are at issue).
We note that section 193.122 states that “upon satisfying himself that all property is properly taxed, the property appraiser *37 shall certify the tax rolls.” (Emphasis added.) Florida caselaw indicates that the use of the word “shall,” as used in statutes, is ordinarily intended to be mandatory rather than directory. Holloway v. State, 342 So.2d 966 (Fla.1977); White v. Means, 280 So.2d 20 (Fla. 1st DCA 1973); Florida Tallow Corp. v. Bryan, 237 So.2d 308 (Fla. 4th DCA 1970).
Thus, Bystrom had the mandatory duty to certify the tax rolls in accordance with section 193.122, Florida Statutes. This duty is a ministerial one. Chatios, 124 So.2d at 1; see Dade County v. Jason, 278 So.2d 311 (Fla. 3d DCA 1973) (an official cannot delay the exercise of his ministerial function in order to gain an advantage over a citizen). Furthermore, Bystrom is bound, as are property owners, by a statutory scheme of events. Williams v. Law, 368 So.2d 1285 (Fla.1979). We agree with the trial court that when the plaintiff withheld certification on the subject properties, he violated his statutory duty and acted in bad faith for the sole purpose of granting to himself an unlimited extension of time to file suit.
Accordingly, the final summary judgment is affirmed.
We have reviewed the issue on cross-appeal and find it to be without merit.
Affirmed.

.These assessments were upheld against an earlier challenge by Florida Rock that they were not reduced enough. Bystrom v. Florida Rock Industries, Inc., 452 So.2d 1053 (Fla. 3d DCA 1984), aff'd after mandate, 468 So.2d 1087 (Fla. 3d DCA 1985).

. Subsequent to the initiation of this action, in Chapter 83-204, section 3, Laws of Florida, the Legislature for the first time imposed a thirty day requirement upon an appraiser’s filing of challenge suits and certifications.

. Bystrom did not file suit until approximately four months after PAAB certification.