JOANOS, Judge.
The Florida Game and Fresh Water Fish Commission (Commission) appeals an order denying forfeiture under the Florida wildlife statutes. The questions raised in this appeal are: (1) whether forfeiture is mandatory under the provisions of section 372.- *245 9901, Florida Statutes (1985), and (2) whether the decision to grant or deny forfeiture is discretionary when a conviction has been obtained under section 372.99, Florida Statutes (1985). We reverse.
On February 27, 1986, appellee George Stet Blancett was tried before a jury and found guilty of taking a deer out of season. The conduct leading up to appellee’s arrest and subsequent conviction began November 3,1985. On that date, appellee, together with three companions, embarked on what was intended to be a hunting trip to Georgia, where deer season had opened. They were traveling in the Ford van which is the subject of this appeal. The group stopped overnight in Hamilton County, where they parked the van at the home of a relative. All four hunters slept in the van.
In the early morning hours of November 4, 1985, appellee awoke and decided to get underway on the trip to Georgia. When he left the area where the four had spent the night, he took a wrong turn and found himself on a graded road. After driving approximately two miles, appellee observed deer running beside the van. When he spotted a buck attempting to jump a fence, he stopped the van, grabbed a rifle, exited the vehicle, loaded the rifle, and shot the deer. Appellee later characterized his conduct as “buck fever.” He then advised his companions that he had taken a wrong turn. The four companions placed the deer in the van, and then reversed their direction so as to continue the trip to Georgia.
Acting pursuant to a call to the Hamilton County Sheriff's Office, a deputy sheriff stopped the van on County Road 294, south of Jasper, Florida. The deputy opened the back door of the van, lifted a sleeping bag which was spread on the floor of the van, and discovered a freshly killed deer. The four occupants of the van were placed under arrest for possession of deer out of season. Sometime after the deputy’s discovery, appellee admitted killing the deer.
Appellee was adjudged guilty and sentenced to serve twenty days in the county jail, fined $500.00, and lost his hunting privileges for three years. The other three occupants of the van were acquitted at trial.
The state commenced forfeiture proceedings against the Ford van and the Winchester rifle used in the commission of the game law violation, pursuant to section 372.9901(3), Florida Statutes. After a hearing, the trial court found the circumstances giving rise to the forfeiture petition demonstrated that the role of the vehicle was incidental to the violation of section 372.99, Florida Statutes. Concluding that it would be an abuse of discretion to cause the vehicle to be forfeited, the trial court denied the petition for forfeiture of the Ford van, but granted the petition for forfeiture of the Winchester rifle.
The wildlife forfeiture provisions applicable to the instant case are section 372.99(1), Florida Statutes (1985), and section 372.-9901, Florida Statutes (1985). The conduct which constitutes the offense of “illegal taking” is described in section 372.99(1), which provides in relevant part:
Whoever takes or kills any deer or wild turkey, or possesses a freshly killed deer or wild turkey, during the closed season prescribed by law or by the rules and regulations of the Game and Fresh Water Fish Commission or whoever takes or attempts to take any deer or wild turkey by the use of gun and light in or out of closed season, is guilty of a misdemeanor of the first degree ... and shall forfeit any license or permit issued to him under the provisions of this chapter. No license shall be issued to such person for a period of 3 years following any such violation on the first offense_ (emphasis supplied).
Section 372.9901, which sets forth the procedural steps to be followed with respect to the property involved in the commission of the offense of illegal taking, states:
372.9901 Seizure of illegal devices; disposition; appraisal; forfeiture.—
(1) Any vehicle, vessel, animal, gun, light, or other hunting device used in the commission of an offense prohibited by s. 372.99, shall be seized by the arresting officer, who shall promptly make *246 return of the seizure and deliver the property to the Director of the Game and Fresh Water Fish Commission. The return shall describe the property seized and recite in detail the facts and circumstances under which it was seized, together with the reason that the property was subject to seizure. The return shall also contain the names of all persons known to the officer to be interested in the property.
(2) The director of the commission, upon receipt of the property, shall promptly fix its value and make return thereof to the clerk of the circuit court of the county wherein the article was seized; after which on proper showing of ownership of the property by someone other than the person arrested the property shall be returned to the said, owner.
(3) Upon conviction of the violator, the property, if owned by the person convicted, shall be forfeited to the state under the procedure set forth in ss. 372.-312 through 372.318, where not inconsistent with this section. All amounts received from the sale or other disposition of the property shall be paid into the State Game Trust Fund. If the property is not sold or converted, it shall be delivered to the director of the Game and Fresh Water Fish Commission, (emphasis supplied).
Our resolution of the issues in this appeal turns upon whether the section 372.-9901 forfeiture provisions are mandatory or directory. It is a fundamental principle of statutory construction that the ordinary meaning of language is preferred. Neal v. Bryant, 149 So.2d 529 (Fla.1962); Allied Fidelity Insurance Company v. State, 415 So.2d 109 (Fla. 3d DCA 1982); 2A Sutherland Statutory Construction § 57.03 (4th Ed.1984). In this context, the form of the verb used in the statute, that is, something “must,” “shall,” or “may” be done, is the foremost textual consideration. 2A Sutherland, supra, at 643. Ordinarily, the use of “shall” in a statute carries with it the presumption that it is used in the imperative rather than in the directory sense. Drury v. Harding, 461 So.2d 104, 107 (Fla.1984); S.R. v. State, 346 So.2d 1018, 1019 (Fla. 1977); Holloway v. State, 342 So.2d 966, 968 (Fla.1977); White v. Means, 280 So.2d 20, 21 (Fla. 1st DCA 1973); Bystrom v. Florida Rock Industries, Inc., 502 So.2d 35, 37 (Fla. 3d DCA), review denied, 511 So.2d 297 (Fla.1987).
Whether “shall” should be construed as mandatory will depend upon the context in which it is found and the legislative intent expressed in the statute. S.R. v. State, 346 So.2d at 1019; Brown v. Pumpian, 504 So.2d 481, 482 (Fla. 1st DCA 1987); Williamson v. State, 510 So.2d 1052, 1054 (Fla. 3d DCA 1987). More particularly—
where “shall” refers to some required action preceding a possible deprivation of a substantive right, S.R. v. State, supra; Neal v. Bryant, supra; Gilliam v. Saunders, 200 So.2d 588 (Fla. 1st DCA 1967), or the imposition of a legislatively-intended penalty, White v. Means, 280 So.2d 20 (Fla. 1st DCA 1973), ... it is held to be mandatory, (emphasis supplied).
Allied Fidelity Insurance v. State, 415 So.2d at 111. See also 2A Sutherland, § 57.08, 57.15. In other words, when the statute provides a procedure to redress noncompliance, it will be deemed mandatory and the result prescribed by the statute will be enforced. 2A' Sutherland, supra, § 57.25 at 700.
Upon application of the foregoing principles to the statutory provisions at issue in this case, we find that the use of the verb “shall” raises a presumption that the statute is mandatory. This presumption is heightened by the context in which “shall” appears, that is, “shall” is used in sections 372.99 and 372.9901 to specify- the steps or the procedure to redress noncompliance with the wildlife statutes. We conclude, therefore, that section 372.9901, Florida Statutes, is fairly susceptible of but one interpretation, that is, that the forfeiture provisions are mandatory. Our conclusion is based upon the legislature’s choice of the verb “shall,” with its imperative connotation, and the fact that “shall” is used in the context of a legislatively-intended penalty, in that it specifies the result that will flow *247 from a conviction for violation of section 372.99, Florida Statutes.
In making this determination, we are cognizant of the harshness of the penalty exacted. Nevertheless, the language of the statute is clear and unambiguous. The legislature presumably used the verb “shall” with full awareness of its common, ordinary meaning. Moreover, where, as in the instant case, “shall” is used in the context of a legislative provision followed by a penalty for failure to observe it, in accordance with the principles of statutory construction, the provision is mandatory.
We are also cognizant that in the context of the Florida Contraband Forfeiture Act, this court has deemed the forfeiture provisions directory rather than mandatory. However, the Chapter 372 wildlife forfeiture provisions, unlike the Chapter 932 contraband forfeiture provisions, do not involve the use of “shall” and “may” in close juxtaposition. In the latter situation, courts generally find that the verbs carry their natural meaning, since it is a fair inference that the legislature understood the difference in meaning and intended the verbs to be accorded their natural meaning. 2A Sutherland, supra, § 57.11, at 665. The forfeiture provisions under the Florida Contraband Forfeiture Act state that any property involved in a violation of the act “may be seized and shall be forfeited subject to the provisions of this act.” s. 932.-703(1), Fla.Stat. (1985). In section 932.-704(1), the verbs “may” and “shall” are juxtaposed in a similar manner. This court held, in Smith v. Hindery, 454 So.2d 663 (Fla. 1st DCA 1984), that the contraband forfeiture provisions are discretionary, not mandatory. In a specially concurring opinion, Judge Zehmer explained:
A close reading of the language of the present forfeiture statute reveals that the word “shall” is used throughout to mandate certain acts, while the word “may” is used to denote discretionary acts and duties.
454 So.2d at 667-668.
By contrast, the Chapter 372 wildlife forfeiture provisions do not yield to a similar interpretation. There is no juxtaposition of the verbs “shall” and “may.” In fact, “may” does not appear in the wildlife forfeiture provisions. The language of section 372.9901 is clear on its face and provides that any motor vehicle used in the commission of a violation of section 372.99, shall be forfeited upon the conviction of the violator, if the motor vehicle was owned by the violator. The statute provides no prescriptive standards for determining whether the motor vehicle’s use was incidental to the commission of the violation. Rather, it states clearly that “[a]ny motor vehicle ... used in the commission of an offense prohibited by s. 372.-99, shall be seized ... [and] ... [u]pon conviction of the violator, the property, if owned by the violator, shall be forfeited to the state.” § 372.9901(1) and (3), Fla.Stat. (1985).
Accordingly, we reverse that portion of the order denying forfeiture of the 1984 Ford van, and remand for proceedings consistent with this opinion.
SMITH, C.J., and WENTWORTH, J., concur.