Ronald K. Wright, M.D. J.D. District Medical Examiner
QUESTION:
Do the recent changes in s. 245.06, F.S., by s. 1, Ch. 91-168, F.S., require the embalming of an unclaimed body before cremating?
SUMMARY:
Section 245.06, F.S., as amended by s. 1, Ch. 91-168, Laws of Florida, requires embalming of an unclaimed body before cremation.
Section 245.06, F.S., provides for the disposition of unclaimed bodies or bodies which are required to be buried at public expense, by stating in part:
 All public officers, agents or employees of every county . . . or municipality and every person in charge of any prison, morgue, hospital, funeral parlor or mortuary and all other persons coming into possession, charge or control of any dead human body which is unclaimed or which is required to be buried or cremated at public expense are hereby required to notify, immediately, the Division of Universities of the Department of Education, or such person or persons as may from time to time be designated by the said division, whenever any such body or bodies come into its possession, charge or control. Should the person coming into possession, charge or control of such dead human body be other than a licensed embalmer or licensed funeral director, the division shall cause said body to be embalmed either by a licensed embalmer of funeral director, or by the institution to which such body is distributed. . . . Upon the receipt by a licensed embalmer or funeral director of an unclaimed body or one which must be buried or cremated at public expense, such embalmer or funeral director shall embalm said body by the most acceptable procedure.
The above underscored language was added during the 19891 legislative session.[1] In light of the changes made, you ask whether an unclaimed body or body which must be buried or cremated at public expense must be embalmed prior to cremation.
An examination of the legislative history surrounding the 1991 amendments to s. 245.06, F.S., indicates that the purpose of the legislation was to allow cremation as an alternative to burial. As stated in the staff Final Bill Analysis and Economic Impact Statement on CS/HB 689,[2] codified as Ch. 91-168, Laws of Florida.
Under current law, any individual coming into possession, charge or control of an unclaimed dead body, or a body required to be buried at public expense, is required to immediately notify the Division of Universities (the Anatomical Board) of the Department of Education of the availability of the body for purposes of medical science. Based upon factors including the condition of the body, the Anatomical Board may choose to accept or reject it. For those bodies rejected by the Anatomical Board, the Board of County Commissioners in the county where the person died is required to arrange for the body to be buried. Many counties and municipalities make no provision for "paupers fields" and budget insufficiently to cover the costs of burial. Consequently, these bodies are sometimes kept for significant amounts of time by the district Medical Examiner or in local funeral homes.
Committee Substitute for HB 689 remedies this situation by allowing for cremation as an alternative to burial. Costs associated with cremation are significantly less than they are for burial.
Thus, the legislation provides an alternative to burial. Nothing in the statute or legislative history, however, indicates that the Legislature sought to also provide an alternative to embalming. In revising the statute, the Legislature amended the first and fifth sentences of s. 245.06, F.S., to include the words "or cremated." Had the Legislature intended to permit cremation without embalming, the amendment of the fifth sentence would have been unnecessary.[3]
As amended, s. 245.06, F.S. 1991, provides that "[u]pon the receipt by a licensed embalmer or funeral director of an unclaimed body or one which must be buried or cremated at public expense, such embalmer or funeral director shall embalm said body by the most acceptable procedure." The term "shall" is generally used in a statute to connote a mandatory requirement.[4]
Accordingly, in the absence of any expression of legislative intent and in light of the plain language of the statute, I am of the opinion that s. 245.06, F.S., as amended by s. 1, Ch. 91-168, Laws of Florida, requires embalming before cremation of unclaimed bodies.
RAB/tjw
[1] Section 1, Ch. 91-168, Laws of Florida.
[2] Committee on Health and Rehabilitative Services, Florida House of Representatives, May 2, 1991.
[3] See generally, Arnold v. Shumpert, 217 So.2d 116
(Fla. 1968) (it must be assumed that Legislature intended amendment to serve useful purpose); Smith v. Piezo Technology and Professional Administrators, 427 So.2d 182 (Fla. 1983).
[4] See, Neal v. Bryant, 149 So.2d 529 (Fla. 1962); Florida Tallow Corporation v. Bryan, 237 So.2d 308 (4 D.C.A. Fla., 1970) (the word "shall" when used in a statute has, according to its normal usage, a mandatory connotation); Brooks v. Anastasia Mosquito Control District, 148 So.2d 64 (1 D.C.A. Fla., 1963).